

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 14, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: *United States v. Hubert Dupigny*, S1 18 Cr. 528 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to seek to elicit testimony, during the direct examination of Hensley Dupigny ("Hensley"), of the defendant's prior uncharged sex trafficking and promotion of prostitution with Hensley, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)").  For the reasons set forth below, the Government submits that certain statements in the defendant's opening remarks to the jury have opened the door to this testimony.

      On or about January 2, 2020, the Government provided the defense with notice that it might seek to introduce at trial, pursuant to Rule 404(b), evidence of uncharged prior sex trafficking committed by the defendant.  (*See* Dkt. No. 233 at 6-7.)  Specifically, the Government provided notice that it might seek to elicit testimony from the defendant's brother, Hensley, that Hensley engaged in the sex trafficking of women with the defendant in two time periods prior to the events charged in this case.  Specifically, from in or around 2012 through 2013, Hensley was living in Bridgeport Connecticut attending school.  On several occasions, the defendant visited Hensley along with a number of women, all of whom stayed at Hensley's apartment.  At the defendant's direction, these women engaged in commercial sex acts on the streets near to Hensley's apartment.  Subsequently, from in or around 2015 through 2016, Hensley and the defendant worked together as pimps to promote the prostitution of multiple women out of an abandoned house that the defendant had taken over in the vicinity of Clarkson Avenue, in Brooklyn.

      On or about January 7, 2020, the defendant moved to preclude this evidence, arguing, *inter alia*, that it did not intend to dispute that Mr. Dupigny had knowledge of "sex trafficking, or of how to use Backpage.com, or of the prostitution industry generally."  (Dkt. No. 233 at 3.)  At the January 9, 2020 conference, the Government explained that it would only seek to introduce the evidence of the defendant's prior sex trafficking if the defendant opened the door to such testimony.  (*See* Jan. 9, 2020 Tr. at 19-20.)  The Court, therefore, advised the Government that "if you think that the defense has done anything to open the door to it, you can let me know, and then we can address it at that time."  (*Id.*)

During the defendant's opening statement, the defense did just that. In its opening, defense counsel tried to portray Hensley as an experienced sex trafficker, unlike his brother, the defendant. After claiming that the defendant did not traffic Victims 1, 2, or 3, defense counsel sought to contrast the defendant with his brother: "Ladies and gentlemen, my client[,] Mr. Dupigny, Hubert Dupigny, had a brother, Hensley, who did sex traffic women." (Tr. 60.) Counsel then argued that Hensley committed sex trafficking "going all the way back through the Summer of 2015 at least." (Jan. 14, 2020 Tr. at 60.) Counsel further stated that "he [Hensley] is a savvy, college-educated guy who had been causing women to engage in commercial sex for years. . . .") (*Id.*)

In light of these statements in the defense opening, the Government respectfully submits that it is entitled to elicit from Hensley that Hensley engaged in this other sex trafficking conduct with the defendant. Without being able to elicit this testimony, the jury might very well be left with an incomplete and false understanding that Hensley committed these sex trafficking acts alone, when in fact he worked directly with the defendant. *See, e.g.*, *United States v. Brennan*, 798 F.2d 581, 590 (2d Cir. 1986) (affirming admission of 404(b) evidence of other crimes committed by the cooperating witness and the defendant, holding that "[w]ithout this evidence the jury would have had a truncated and possibly confusing view of the respective roles played by Bruno [the cooperating witness] and Brennan [the defendant]"). That would be particularly problematic, given that the defense has offered an alternate perpetrator defense, and has asserted that the victims in this case worked for Hensley, and not the defendant.

The testimony the Government seeks to admit is limited: that Hensley previously worked as a pimp with the defendant during the two time periods mentioned above. Specifically, the testimony would be limited to eliciting that from 2012-2013, the defendant brought women to stay at Hensley's apartment in Connecticut, where they then engaged in commercial sex at the defendant's direction down the street from Hensley's apartment. In 2015-2016, Hensley worked with his brother at the Clarkson Avenue apartment to prostitute a number of women out of that house. The Government respectfully submits that this evidence is not more sensational than the charged conduct (indeed, it does not involve minors or force) and that the Government be permitted to elicit limited testimony about these incidents.

                                              Respectfully submitted,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

By:    */s*
        Elinor Tarlow
        Jacob Gutwillig
        Michael Herman
        Assistant United States Attorneys
        (212) 637-1036/2215/2221

Cc: All Counsel of Record (Via ECF)