UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                              :

UNITED STATES OF AMERICA,          :

                                              :

          -v-                    :          18-CR-528 (JMF)

                                              :

HUBERT DUPIGNY,                :          <u>ORDER</u>

                                              :

                        Defendant.          :

                                              :

----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Attached to this order is Court Exhibit 1, which is the draft jury charge that was
considered at the charge conference held on the record on January 17, 2020; Court Exhibit 2,
which is the final jury charge read on the record and provided to the jury on January 17, 2020;
and Court Exhibit 3, which is juror questionnaire used during voir dire on January 13, 2020.  As
discussed, the Court has redacted the names of witnesses and those who might have been
mentioned at trial; an unredacted copy of the questionnaire will be filed under seal.

        SO ORDERED.

Dated: January 22, 2020
      New York, New York                      _____
                                            JESSE M. FURMAN
                                  United States District Judge

# COURT EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,           :

                                           :        S1 18 Cr. 528 (JMF)

          -v-                      :

                                           :

HUBERT DUPIGNY,                       :

                             Defendant.      :

                                           :

------------------------------------------------------------------------X

**JURY CHARGE**

January 16, 2020

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................................. 1

1     Role of the Court and the Jury .................................................................................. 2
2     The Parties ................................................................................................................. 2
3     Conduct of Counsel ................................................................................................... 3
4     Presumption of Innocence ......................................................................................... 3
5     Proof Beyond a Reasonable Doubt ........................................................................... 4
6     Direct and Circumstantial Evidence ......................................................................... 4
7     What Is and What Is Not Evidence ........................................................................... 6
8     Credibility of Witnesses ............................................................................................ 7
9     Law Enforcement Witnesses ..................................................................................... 8
10    Cooperating Witnesses .............................................................................................. 8
11    Preparation of Witnesses ......................................................................................... 10
12    Uncalled Witnesses .................................................................................................. 11
13    Number of Witnesses and Uncontradicted Testimony ............................................ 11
14    Stipulations .............................................................................................................. 12
15    Limited Purpose Evidence ....................................................................................... 12
16    Charts and Summaries ............................................................................................. 13
17    Particular Investigative Techniques ........................................................................ 13
18    Persons Not on Trial ................................................................................................ 13
19    Creation and Use of Recordings ............................................................................. 14
20    Transcripts of Audio Recordings ............................................................................ 14
21    Searches and Seizures ............................................................................................. 14
22    The Defendant's Right Not to Testify ..................................................................... 15

II. SUBSTANTIVE CHARGES ........................................................................................... 15

23    The Indictment ........................................................................................................ 15
24    **Counts Two and Three: Sex Trafficking of Minors** ........................................... 16
25        First Element: Trafficking Act ......................................................................... 17
26        Second Element: Knowledge of the Victim's Age and a Commercial Sex Act ........... 20
27        Third Element: Interstate Commerce ............................................................... 22
28    **Count Four: Sex Trafficking of a Minor, Including by Force, Threats of Force, Fraud,**
29    **Coercion, or Any Combination of Such Means** ................................................... 24
30        Second Element: Force, Threats of Force, Fraud, or Coercion ...................... 25
31    Aiding and Abetting ................................................................................................ 29
32    **Count One: Conspiracy to Commit Sex Trafficking** ........................................... 31
33        First Element: Existence of the Conspiracy .................................................... 31
34        Second Element: Knowing and Willful Participation in the Conspiracy ........ 32
35        Liability for Acts and Declarations of Co-Conspirators ................................. 34
36    Venue ....................................................................................................................... 35
37    Timing of the Offenses ............................................................................................ 36

III. CONCLUDING INSTRUCTIONS ................................................................................. 37

38    Selection of the Foreperson .................................................................................... 37
39    Right to See Exhibits and Hear Testimony ............................................................ 37
40    Juror Note-Taking ................................................................................................... 38

1    Bias or Sympathy as Juror ................................................................ 38
2    Duty to Deliberate ............................................................................ 40
3    Return of the Verdict ........................................................................ 40
4    Closing Comments ............................................................................ 41

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case. It is my duty at this point to instruct you as to the law. My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law; rather, you should consider my instructions as a whole when you retire to deliberate in the jury room.

<u>Role of the Court and the Jury</u>

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

If either party has stated a legal principle differently from any that I state to you in my instructions, it is

my instructions that you must follow.

**Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF) (S.D.N.Y. 2013).**

<u>The Parties</u>

In reaching your verdict, you must remember that all parties stand equal before a jury in the

courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

name of the United States does not entitle the Government or its witnesses to any greater consideration

than that accorded to any other party.  By the same token, you must give it no less deference.  The

Government and the defendant, Hubert Dupigny, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the

Government sustained its burden of proof, any personal feelings you may have about the defendant's

race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

innocence and the Government has the same burden of proof with respect to all persons.

**Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

1     <u>Conduct of Counsel</u>

2         The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

3     of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

4     disapproved of their behavior, those opinions should not enter into your deliberations.

5         In addition, remember that it is the duty of a lawyer to object when the other side offers

6     testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

7     draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any

8     inference from the fact that I sustained or overruled an objection.  Simply because I have permitted

9     certain evidence to be introduced does not mean that I have decided on its importance or significance.

10   That is for you to decide.

11   **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

12

13   <u>Presumption of Innocence</u>

14          The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

15   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

16   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

17   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

18          Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

19   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

20   entire trial, remains with him even as I speak to you now, and persists in his favor during the course of

21   your deliberations in the jury room.

22   **Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

23

1 <u>Proof Beyond a Reasonable Doubt</u>

2       The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3 doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4 a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5 arising out of the evidence in the case — or the lack of evidence.

6       Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

7 practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

8 by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

9 establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

10       If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

11 that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be

12 willing to act upon in important matters in the personal affairs of his or her own life, then you have no

13 reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a

14 fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not

15 satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt

16 — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in

17 acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that

18 circumstance it is your duty to acquit.

19 **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

20

21 <u>Direct and Circumstantial Evidence</u>

22       There are two types of evidence that you may properly use in deciding whether the defendant is

23 guilty or not guilty of the crimes with which he is charged.

1    One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

2    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3    observed through the five senses.  The second type of evidence is circumstantial evidence.

4    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5         There is a simple example of circumstantial evidence that is often used in this courthouse.

6    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

8    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10        Now, because you could not look outside the courtroom and you could not see whether it was

11   raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

12   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13        That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

14   and common sense from one established fact the existence or the nonexistence of some other fact.

15        The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16   speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

17   facts that have been proved.

18        Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19   Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

20   Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

21   between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

22   you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23   the case.

<u>**Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**</u>

<u>What Is and What Is Not Evidence</u>

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties. Anything else is not evidence. For example, the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the questions. In addition, exhibits marked for identification but not admitted by me are not evidence, nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, we have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Arguments by the advocates are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

1    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

2    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

3    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

4    these instructions are no indication of my views of what your decision should be.  Nor should you infer

5    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

6    you should decide any issue that is before you.  That is entirely your role.

7    **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

8

9    <u>Credibility of Witnesses</u>

10         How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

11    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

12    same tests here that you use in your everyday life when evaluating statements made by others to you.

13    You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

14    was the witness to the questions asked on direct examination and on cross-examination?

15         If you find that a witness intentionally told a falsehood, that is always a matter of importance you

16    should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

17    untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

18    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

19    reject all of the testimony of any witness, or to accept or reject only portions.

20         You are not required to accept testimony even though the testimony is uncontradicted and the

21    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

22    or because of the inherent improbability of the testimony, or for other reasons sufficient to you that the

23    testimony is not worthy of belief.

1       In evaluating the credibility of the witnesses, you should take into account any evidence that a

2    witness may benefit in some way from the outcome of the case. Such an interest in the outcome creates

3    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

4    interests. Therefore, if you find that any witness whose testimony you are considering may have an

5    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

6    of his of her testimony, and accept it with great care.

7       Keep in mind, though, that it does not automatically follow that testimony given by an interested

8    witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of

9    the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and

10   common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

11  **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

12

13  <u>Law Enforcement Witnesses</u>

14      You have heard testimony from law enforcement officers and other Government employees.

15  The fact that a witness is employed by the Government does not mean that the witness's testimony is

16  necessarily deserving of more or less consideration or greater or lesser weight than that of any other

17  witness. It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of

18  the witness and to give to that testimony whatever weight you find it deserves.

19  **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

20

21  <u>Cooperating Witnesses</u>

22      You have heard from a witness who testified that he was actually involved in committing certain

23  crimes with the defendant. You have heard that the witness pleaded guilty to charges arising out of

1   some of the same facts as in this case after entering into an agreement with the Government under which

2   he received benefits for cooperating with the Government and testifying in this case.

3          The Government is permitted to present the testimony of someone who has received a benefit

4   from the Government in exchange for his testimony.  Indeed, it is the law in federal courts that the

5   testimony of a single accomplice witness may be enough, in itself, for conviction if the jury believes that

6   the testimony establishes guilt beyond a reasonable doubt.  Whether or not this testimony may have been

7   influenced by the government's promise is for you to determine.  You may give this testimony such

8   weight as you think it deserves.

9          Experience will tell you that the Government frequently must rely on the testimony of witnesses

10  who admit to participating in committing crimes.  It is also the case, however, that accomplice testimony

11  is of such nature that it must be scrutinized with great care and viewed with particular caution when you

12  decide how much of that testimony to believe.  The possible interest an accomplice may have in

13  testifying is different from the interest of any other witness.  It does not follow, however, that simply

14  because a person has admitted to participating in one or more crimes, that he is incapable of giving a

15  truthful version of what happened.

16         Like the testimony of any other witness, accomplice witness testimony should be given such

17  weight as it deserves in light of the facts and circumstances before you, taking into account the witness's

18  demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to

19  which the testimony is or is not corroborated by other evidence in the case.  You should ask yourselves

20  whether the so-called accomplice would benefit more by lying, or by telling the truth.  Was his

21  testimony made up in any way because he believed or hoped that he would somehow receive favorable

22  treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying

23  truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation

one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  On the other hand, if, after a cautious and careful examination of the witness's testimony and demeanor, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.  That is a determination entirely for you.

You are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges.  A witness's decision to plead guilty is a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Finally, I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.  You should look at all the evidence in deciding what credence and what weight, if any, you will want to give the testimony of a cooperating witness.

**Adapted from *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned

1    about, focus on the subjects, and have the opportunity to review relevant exhibits before being

2    questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such

3    consultation.  As always, the weight you give to the fact or the nature of the witness's preparation for his

4    or her testimony and what inferences you draw from such preparation are matters completely within

5    your discretion.

6    **Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

7

8    Uncalled Witnesses

9          There are people whose names you have heard during the course of the trial but who did not

10   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

11   call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

12   to what they would have testified to had they been called.  Their absence should not affect your

13   judgment in any way.

14         You should, however, remember my instruction that the law does not impose on a defendant

15   in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden of

16   proof remains at all times with the Government.

17   **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 6-7.**

18

19   Number of Witnesses and Uncontradicted Testimony

20         The fact that one party called more witnesses does not mean that you should necessarily find the

21   facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the

22   testimony of any witness who has not been contradicted or impeached, if you find the witness to be not

23   credible.  You must decide which witnesses to believe and determine which facts are true.  To do this,

1   you must look at all the evidence or lack of evidence, drawing upon your own common sense and

2   personal experience.  After examining all the evidence, you may decide that the party calling the most

3   witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the

4   fewer witnesses called by the other side.  Again, you should also keep in mind that the burden of proof is

5   always on the Government.  The defendant is not required to call any witnesses or offer any evidence,

6   since he is presumed to be innocent.  On the other hand, the Government is not required to prove each

7   element of the offense by any particular number of witnesses.  The testimony of a single witness may be

8   enough to convince you beyond a reasonable doubt of the existence of the elements of the charged

9   offenses — if you believe that the witness has truthfully and accurately related what he or she has told

10  you.

11  **Adapted from Sand, _Modern Federal Jury Instructions-Criminal_, Instr. 4-3**

12

13  Stipulations

14      Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

15  between parties as to what certain facts were or what the testimony would be if certain people testified

16  before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

17  should consider the weight to be given such evidence just as you would any other evidence.

18  **Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

19

20  Limited Purpose Evidence

21      If certain testimony or evidence was received for a limited purpose, you must follow the limiting

22  instructions I have given.

23

Charts and Summaries

There was one summary chart admitted into evidence at trial. You should consider it as you would any other evidence.

**Adapted from Sand, et al., *Modern Federal Jury Instructions-Criminal*, Instr. 5-12; *see* Fed. R. Evid. 1006.**

Particular Investigative Techniques

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did, or why it did not use other techniques.

**Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

**Adapted from *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

1 <u>Creation and Use of Recordings</u>

2      Audio recordings of various telephone calls and video recordings of certain incidents have been

3 admitted in evidence.  I instruct you that the creation of these recordings was entirely lawful and that

4 these recordings were properly admitted in evidence.  Of course, it is for you to decide what weight, if

5 any, to give to this evidence.

6 **Adapted from _United States v. Sepulveda_, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).**

7

8 <u>Transcripts of Audio Recordings</u>

9      The Government has been permitted to give you transcripts containing the Government's

10 interpretation of what can be heard on audio recordings that have been received as evidence.  Those

11 were given to you as an aid or guide to assist you in listening to the recordings.  As I have told you, they

12 are not in and of themselves evidence.  You alone should make your own interpretation of what appears

13 on the recordings based on what you heard.  If you think you heard something differently than appeared

14 on the transcript, then what you heard is controlling.

15 **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

16

17 <u>Searches and Seizures</u>

18      You have heard testimony about evidence seized in various searches, including the search of

19 certain electronic devices.     Evidence obtained from those searches was properly admitted in this case,

20 and may be properly considered by you.  Indeed, such searches are entirely appropriate law enforcement

21 actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into

22 your deliberations, because I instruct you that the Government's use of the evidence is lawful.  You

23 must, therefore, regardless of your personal opinions, give this evidence full consideration along with all

the other evidence in the case in determining whether the Government has proved the Defendant's guilt

beyond a reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give to

this evidence.

**Adapted from _United States v. Sepulveda_, 18 Cr. 363 (RJS) (S.D.N.Y. 2019).**

The Defendant's Right Not to Testify

The defendant did not testify.  You may not attach any significance to the fact that the defendant

did not testify.  Under our Constitution, a defendant is presumed innocent and has no obligation to

testify or to present any other evidence because, as I have told you, it is the Government's burden to

prove the defendant guilty beyond a reasonable doubt.  The burden remains on the Government

throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that

he is innocent.  Thus, no adverse inference against the defendant may be drawn by you because the

defendant did not take the witness stand.  You may not consider this in any way in your deliberations in

the jury room.

**Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF) (S.D.N.Y. 2013).**

II. SUBSTANTIVE CHARGES

The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment contains four charges,

or "counts," against Hubert Dupigny.  Each count accuses the defendant of committing a different crime.

You must, as a matter of law, consider each count, and you must return a separate verdict for each count

in which the defendant is charged.

1     Count One charges that, from about August 2016 to about May 2017, Hubert Dupigny conspired

2     with others to engage in the sex trafficking of minor victims, including by force, threats of force, fraud,

3     coercion, or a combination of such means.

4     Count Two charges that, from about August 2016 to about May 2017, Hubert Dupigny engaged

5     in sex trafficking of a minor victim, identified as Victim-1.

6     Count Three charges that, from about August 2016 to about November 2016, Hubert Dupigny

7     engaged in sex trafficking of another minor victim, identified as Victim-2.

8     Count Four charges that, from about November 2016 to about December 2016, Hubert Dupigny

9     engaged in sex trafficking of another minor victim, identified as Victim-3, including by force, threats of

10    force, fraud, coercion, or a combination of such means.

11    Because I think it will make my instructions somewhat easier to follow, I am going to begin by

12    explaining Counts Two, Three, and Four, which charge the defendant with the substantive crime of sex

13    trafficking.  Then I will explain Count One, which charges the defendant with conspiring to commit the

14    crime of sex trafficking.

15

16    **Counts Two and Three: Sex Trafficking of Minors**

17    Each of Counts Two and Three charges the defendant with sex trafficking a minor.

18    To find the defendant guilty of either Count Two or Three, you must find that the Government

19    has proved each of the following three elements beyond a reasonable doubt:

20    **First**, the defendant either:

21    (a) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised,

22         maintained, patronized, or solicited the victim at issue,

23         **or**

1    (b) knowingly benefitted, financially or by receiving anything of value, from participating in a

2        venture that recruited, enticed, harbored, transported, provided, obtained, advertised,

3        maintained, patronized, or solicited the victim at issue;

4    **Second**, the defendant knew or (except as to the act of advertising) recklessly disregarded that

5    the victim at issue was under eighteen years of age and would be caused to engage in a commercial sex

6    act; and

7    **Third**, the defendant's conduct was in or affected interstate commerce.

8    **Adapted from _United States v. Benjamin_, 18 Cr. 874 (JSR) (S.D.N.Y. 2019).**

9

10   First Element: Trafficking Act

11       There are two different ways for the Government to satisfy the first element.  The first is by

12   proving beyond a reasonable doubt that the defendant knowingly engaged in one of the following acts:

13   recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing,

14   or soliciting the victim at issue.  The second way is by proving beyond a reasonable doubt that the

15   defendant knowingly took part in a venture that engaged in one of these trafficking activities and that the

16   defendant benefitted, financially or by receiving a thing of value, from the venture.  The Government

17   does not have to prove that the defendant violated the statute both ways.

18       With respect to your consideration of whether the defendant knowingly recruited, enticed,

19   harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at

20   issue, I instruct you to use the ordinary, everyday definitions of these terms.  "Recruit" means to seek to

21   enroll.  "Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford

22   shelter to, such as in a house or other place.  "Transport" means to take or convey from one place to

17

1    another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of

2    or acquire. "Advertise" means to publicize. "Maintain" means to keep in an existing state or support.

3    "Patronize" means to visit or obtain services in exchange for money. "Solicit" means to seek out.

4         The second, or alternative, way to prove the first element of sex trafficking is for the

5    Government to show that there was a venture that engaged in recruiting, enticing, harboring,

6    transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting the victim at issue;

7    that the defendant knowingly participated in some way in that venture; and that the defendant knowingly

8    benefitted, financially or by receiving anything of value, from that venture.

9         In considering whether the defendant participated in such a venture, I instruct you that a venture

10   is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity."

11   You may find that the defendant participated in a venture prohibited by the sex trafficking law if the

12   defendant took part in that venture in any way. The defendant may be, but need not be, responsible for

13   forming that venture. Likewise, the defendant need not be the organizer or main participant in the

14   venture and need not have participated throughout the length of the venture. It is enough if the

15   defendant took some part in the venture for any period of time while the venture was still ongoing, even

16   if the part he played was minor, and even if it did not relate to the actual recruiting, enticing, harboring,

17   transporting, providing, obtaining, advertising, maintaining, patronizing or soliciting of the victim at

18   issue for commercial sex.

19        To benefit, financially or by receiving anything of value, from a venture, the defendant must

20   receive some form of profit, benefit, value, or advantage, no matter how minor or intangible, from the

21   venture.

Of course, if you find that the defendant himself recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized or solicited the victim at issue, you need not consider whether or not the defendant benefitted from doing so.

To satisfy the first element, the Government must prove that the defendant acted knowingly. An act is done "knowingly" if it is done deliberately and purposely; that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

In deciding whether or not the first element of Counts Two and Three has been satisfied, you need not all agree that the Government has proved the element the first way or the second way. Stated differently, you need not all agree the defendant actually recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue, or also all agree that the defendant participated in a venture that did one of those things and benefitted thereby. You need only agree that the Government has proved beyond a reasonable doubt that the defendant did one or the other of these two alternatives.

**Adapted from *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y. 2017); *United States v. Kidd*, 18 Cr. 782 (VM) (S.D.N.Y. 2018); *see also United States v. Corley*, 679 F. App'x 1, 5 (2d Cir. 2017) (summary order) (concluding "that (a)(1) and (2)" of 18 U.S.C. § 1591(a) "establish alternative means of committing the offense" and, thus, that "the district court correctly informed the jury that it need not be unanimous as to which theory proved the element, but only in finding that the Government proved the element beyond a reasonable doubt").**

<u>Second Element: Knowledge of the Victim's Age and a Commercial Sex Act</u>

The second element of Counts Two and Three requires the Government to prove beyond a reasonable doubt that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim at issue was under the age of eighteen and would be caused to engage in a commercial sex act.

In determining whether the defendant knew that the victim was under the age of eighteen and would be caused to engage in a commercial sex act, you should apply the definition of "knowingly" that I previously explained to you.

The phrase "recklessly disregarded" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that another fact exists. For example, in order to prove beyond a reasonable doubt that the defendant "recklessly disregarded" the fact that the victim was under eighteen years of age, the Government must prove that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit you to find that this element has been satisfied. Stated another way, a person's reckless disregard of a particular fact may be shown by proof of deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

I instruct you, however, that if you determine that the defendant only "advertised" the victim at issue, you must find that the defendant acted knowingly — in other words, that he knew that the person he advertised was under the age of eighteen. For this means of violating the sex trafficking statute, and for this means only, reckless disregard is insufficient.

Finally, if you find that the defendant recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue — but not if you find only

that the defendant benefitted from participation in a venture that did such things — the Government may satisfy the knowledge element in a third way: by proving that the defendant had a reasonable opportunity to observe the victim at issue. That is, if you find the defendant personally committed a trafficking act as to the victim at issue, the Government need not prove that the defendant knew that the victim had not attained the age of eighteen years so long as the Government proves that the defendant had a reasonable opportunity to observe the victim. When considering whether the defendant had a reasonable opportunity to observe a victim, you should use the ordinary everyday definitions of these terms.

To be clear, however, if you find only that the defendant benefitted from participation in a venture that engaged in sex trafficking — not that he himself recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue — a reasonable opportunity to observe the victim is not sufficient. In that case, the Government must show that the defendant had actual knowledge that the victim at issue was less than eighteen years of age or (except as to the act of advertising) recklessly disregarded the fact that the victim at issue was less than eighteen years of age.

So to summarize, as to the victim's age, the Government can satisfy its burden of proof by proving beyond a reasonable doubt one of the following: (1) that the defendant actually knew that the victim at issue was under the age of eighteen; (2) except as to the act of advertising, that the defendant was in reckless disregard of the fact that the victim at issue was under the age of eighteen; or (3) if the defendant himself recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue, that the defendant had a reasonable opportunity to observe the victim.

1       The second element of Counts Two and Three also requires the Government to prove beyond a

2 reasonable doubt that the defendant knew or (except as to the act of advertising) recklessly disregarded

3 that the victim at issue would be caused to engage in a commercial sex act. A "commercial sex act" is

4 any sex act on account of which anything of value is given to or received by any person. To find that

5 this requirement is satisfied, you need not find that the victim actually performed a commercial sex act

6 as long as the Government proved that the defendant knew or (except as to the act of advertising)

7 recklessly disregarded that the victim would be caused to engaged in a commercial sex act when he (1)

8 recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized, or

9 solicited the victim at issue, or (2) participated in a venture that did so and benefitted from it.

10 **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017); _United States v. Kidd_,**

11 **18 Cr. 782 (VM) (S.D.N.Y. 2018); _United States v. Benjamin_, 18 Cr. 874 (JSR) (S.D.N.Y. 2019).**

12

13       Third Element: Interstate Commerce

14       To satisfy the third and final element of Counts Two and Three, the Government must prove

15 beyond a reasonable doubt that the defendant's sex trafficking activities were in interstate commerce or

16 affected interstate commerce. The Government need not prove that the activities both were in interstate

17 commerce and affected interstate commerce.

18       The term "interstate commerce" means the movement of goods, services, money and individuals

19 from one State to another State. The term "State" includes a State of the United States and the District

20 of Columbia.

21       To satisfy this element, the Government must prove that the defendant's conduct affected

22 interstate commerce in any way, no matter how minimal. The Government need not prove that the

23 defendant was transported across a state line. If you find beyond a reasonable doubt that the defendant's

1  recruitment, enticement, harboring, transportation, providing, obtaining, advertising, maintaining,

2  patronizing, or soliciting of a person knowing that she would be caused to engage in commercial sex

3  acts, or his participation in a venture that undertook such a trafficking act, was economic in nature and

4  involved the crossing of state lines, or was economic in nature and otherwise affected the flow of money

5  to any degree, however minimal, you may find that the interstate commerce requirement of the offense

6  of sex trafficking of a minor has been satisfied.

7      In determining whether the defendant's conduct "affected interstate commerce," you may

8  consider whether the defendant used means, instrumentalities, or facilities of interstate commerce.  A

9  facility of interstate commerce is a thing, tool, or device that is involved in interstate commerce.  Cell

10  phones and the Internet are both means, facilities, or instrumentalities of interstate commerce.

11      Finally, it is not necessary for the Government to prove that the defendant knew his conduct was

12  in or affecting interstate commerce.

13  **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017); _United States v. Kidd_,**

14  **18 Cr. 782 (VM) (S.D.N.Y. 2018).**

15

16      Consent Is Not a Relevant to Counts Two and Three

17      Finally, as I instructed you at the beginning of trial, with respect to Counts Two and Three, it is

18  not relevant whether a minor victim was a willing participant in performing commercial sex acts.

19  Consent by a minor is not a defense to Count Two or Three.

20

## Count Four: Sex Trafficking of a Minor, Including by Force, Threats of Force, Fraud, Coercion, or Any Combination of Such Means

Count Four of the Indictment charges the defendant with sex trafficking of a minor, including by force, threats of force, fraud, coercion, or any combination of such means. To find the defendant guilty of Count Four, you must find that the Government has proved each of the following three elements beyond a reasonable doubt with respect to the victim, who is identified in the Indictment as Victim-3:

**First**, the defendant either:

(a) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue,

**or**

(b) knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue;

**Second**, the defendant either:

(a) knew or (except as to the act of advertising) recklessly disregarded the fact that the victim was under the age of eighteen and would be caused to engage in a commercial sex act;

**or**

(b) knew or (except as to the act of advertising) recklessly disregarded the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act; and

**Third**, the defendant's conduct was in or affected interstate commerce.

The first and third elements of Count Four are the same as the first and third elements of Counts Two and Three; as to those two elements, you should apply the instructions I gave you earlier. The second element of Count Four, however, is different.

**Adapted from _United States v. Kidd_, 18 Cr. 782 (VM) (S.D.N.Y. 2018).**

Second Element: Force, Threats of Force, Fraud, or Coercion

The second element of Count Four requires the Government to prove beyond a reasonable doubt either (1) that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim was under the age of eighteen and would be caused to engage in a commercial sex act **or** (2) that the defendant knew or (except as to the act of advertising) recklessly disregarded that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

With respect to Count Four — and Count Four only — the Indictment alleges that the defendant knew or recklessly disregarded both of these facts, and you should thus consider whether the defendant knew or recklessly disregarded both of these facts. The Government, however, does not need to establish both; it need only prove that the defendant knew or recklessly disregarded either one of these facts. But for the Government to meet its burden on this element, you must unanimously agree not only that the defendant knew or recklessly disregarded one of these sets of facts, but also _which_ one. If you cannot unanimously agree as to which of the sets of facts the defendant knew or recklessly disregarded, then you must find the defendant not guilty as to Count Four.

In determining whether the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim was under the age of eighteen and would be caused to engage in a commercial sex act, please apply the instructions that I gave to you with respect to Counts Two and

1     Three.  So too, you should apply here the definition of "commercial sex act" that I gave you earlier with

2 respect to Counts Two and Three.

3         In determining whether the defendant knew or (except as to the act of advertising) recklessly

4 disregarded that force, threats of force, fraud, or coercion, or any combination of such means, were used

5 to cause the victim to engage in a commercial sex act, please use the following definitions and

6 instructions.

7         The term "force" means any form of power, violence, or physical pressure directed against

8 another person.

9         The term "threat" means a serious statement expressing an intention to inflict harm, at once or in

10 the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking

11 manner.  For a statement to be a threat, the statement must have been made under such circumstances

12 that a reasonable person who heard or read the statement would understand it as a serious expression of

13 an intent to cause harm.  In addition, the defendant must have made the statement intending it to be a

14 threat, or with the knowledge that the statement would be viewed as a threat.

15         The term "fraud" means that the defendant knowingly made a misstatement or omission of a

16 material fact to entice the victim.  A material fact is one that would reasonably be expected to be of

17 concern to a reasonable person in relying upon the representation or statement in making a decision.

18         The term "coercion" has three meanings.  It means any threat of serious harm to or physical

19 restraint against any person; or, any scheme, plan, or pattern intended to cause a person to believe that

20 failure to perform an act would result in serious harm to or physical restraint against any person; or, any

21 abuse or threatened abuse of law or the legal process.

22         The term "serious harm" means any harm, whether physical or nonphysical, including

23 psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding

1    circumstances, to compel a reasonable person of the same background and in the same situation as the

2    trafficked person to perform or continue performing commercial sexual activity in order to avoid

3    incurring that harm.

4           "Abuse or threatened abuse of law or legal process," means the use or threatened use of a law or

5    legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the

6    law was not designed, in order to exert pressure on another person to cause that person to take some

7    action or refrain from taking some action.

8           If you find that any of these prohibited means was used — or any combination of these means —

9    you must then determine whether such use was sufficient to cause the victim to engage in a commercial

10    sex act against her will.  In making that determination, you may consider the special vulnerabilities, if

11    any, of the victim.  By this, I mean that you may consider any aspect of the victim's age, background,

12    station in life, physical or mental condition, experience or education, or any inequalities between her and

13    the defendant.

14           In addition, you may consider the cumulative effect of the conduct of a defendant on the victim.

15    The Government does not need to link any specific commercial sex act to any particular threat made, or

16    any particular action taken, or any particular act of fraud or deception on the part of the defendant.  If the

17    defendant's use of force, threats of force, fraud, or coercion, or any combination thereof, was sufficient

18    to give rise to a climate of fear that would compel a reasonable person in the victim's situation to

19    comply with the defendant's demands, in light of the totality of the defendant's conduct, the surrounding

20    circumstances, and any vulnerabilities of the victim, then you likewise may find that the second element

21    has been met.

22           The Government also need not prove physical restraint — such as the use of chains, barbed wire,

23    or locked doors — in order to establish the offense of sex trafficking.  The fact that the victim may have

1    had an opportunity to escape is irrelevant if a defendant placed her in fear of leaving or created

2    circumstances such that she did not reasonably believe she could leave.  A victim is under no affirmative

3    duty to try to escape.

4          If there is just one instance in which the defendant used force, threats of force, fraud, or coercion

5    to cause the victim to perform commercial sex acts, that is sufficient.  The victim does not need to have

6    been subjected to force, threats of force, fraud, or coercion for the entirety of the period in which she

7    engaged in commercial sex acts for the defendant.  Thus, the fact that a person may have initially

8    acquiesced or agreed to perform a commercial sex act does not preclude a finding that the person was

9    later compelled to engage in prostitution through the use of force, threats of force, fraud, or coercion.

10   For example, if a victim willingly engaged in an act of prostitution, then later wanted to withdraw but

11   was compelled to continue to perform acts of prostitution through force, threats of force, fraud, or

12   coercion, then you may find that her later acts of prostitution were compelled by force, threats of force,

13   fraud, or coercion.

14        Further, whether a person is paid or is able to keep some of her earnings is not determinative of

15   the question of whether that person has been compelled to engage in sex trafficking.  In other words, if a

16   person is compelled to engage in a commercial sex act through force, threats of force, fraud, or coercion,

17   such service is involuntary even if she is paid or compensated for the work.

18   **Adapted from *United States v. Kidd*, 18 Cr. 782 (VM) (S.D.N.Y. 2018); Sand et al., *2 Modern***

19   ***Federal Jury Instructions-Criminal*, Instr. 47A-21 (Second Element – Use of Force, Fraud, or**

20   **Coercion).**

21

22

23

1  <u>Relevance of Consent to Count Four</u>

2   Again, a minor's consent is not a defense to the charge of sex trafficking a minor.  Thus, in

3 deciding whether the Government proved beyond a reasonable doubt that the defendant knew or (except

4 as to the act of advertising) recklessly disregarded that Victim 3 was under the age of eighteen and

5 would be caused to engage in a commercial sex act, it is irrelevant whether Victim 3 consented to

6 engaging in commercial sex acts.

7   By contrast, with respect to whether the defendant knew or recklessly disregarded that force,

8 threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim

9 to engage in a commercial sex act, the alleged victim's consent is a defense.  That means that, if you

10 find that Victim 3 consented to engaging in all the commercial sex acts at issue, you may not find the

11 defendant guilty of Count Four on that theory.

12

13  <u>Aiding and Abetting</u>

14   In connection with the substantive crimes charged in Counts Two through Four, the defendant

15 also is charged with aiding and abetting the commission of this crime.  The defendant therefore can be

16 convicted either if he committed the crime himself or if another person committed the crime and the

17 defendant aided and abetted that person to commit the crime.  In other words, it is not necessary for the

18 Government to show that the defendant himself physically committed the crime charged in order for you

19 to find them guilty.  This is because a person who aids, abets, counsels, commands, induces, or procures

20 the commission of a crime is just as guilty of that offense as if he committed it himself.

21   Accordingly, you may find the defendant guilty of the offenses charged in Counts Two through

22 Four if you find beyond a reasonable doubt that the Government has proved that another person actually

1 committed the offense with which the defendant is charged, and that the defendant aided, abetted,

2 counseled, commanded, induced, or procured that person to commit the crime.

3        To aid or abet another to commit a crime, it is necessary that the Government prove beyond a

4 reasonable doubt that a defendant willfully and knowingly associated himself in some way with the

5 crime committed by the other person and willfully and knowingly sought by some act to help the crime

6 succeed. In other words, an aider and abettor must know that the crime is being committed and act in a

7 way that is intended to bring about the success of the criminal venture.

8        Let me caution you that the mere presence of the defendant where a crime is being committed,

9 even when coupled with knowledge by the defendant that a crime is being committed, or merely

10 associating with others who were committing a crime, is not sufficient to make the defendant guilty

11 under this approach of aiding and abetting. Such a defendant would be guilty under this approach of

12 aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions

13 intended to help it succeed.

14        To determine whether the defendant aided or abetted the commission of the crime with which he

15 is charged, ask yourself these questions:

16     1.    Did he participate in the crime charged as something he wished to bring about?

17     2.    Did he knowingly associate himself with the criminal venture?

18     3.    Did he seek by his actions to make the criminal venture succeed?

19        If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the

20 other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor,

21 and you must find him not guilty under that theory.

22 **Adapted from Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 11.01.**

23

30

## Count One: Conspiracy to Commit Sex Trafficking

Now I will go back to Count One.  Count One charges the defendant with knowingly and willfully participating in a conspiracy, from about August 2016 to about May 2017, to commit the crime of sex trafficking.

In order to meet its burden of proving that the defendant is guilty of the sex trafficking conspiracy charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

**First**, the existence of the conspiracy charged — that is, the existence of an agreement or understanding to violate the laws of the United States that make it a crime to commit sex trafficking; and

**Second**, that the defendant knowingly and willfully became a member of the conspiracy.

Now let me elaborate on these elements.

## Adapted from *United States v. Almonte*, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).

### First Element: Existence of the Conspiracy

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is the existence of a conspiracy.  What is a conspiracy?  A conspiracy is a kind of criminal partnership — an agreement between two or more persons to join together to accomplish some unlawful purpose.  As I mentioned just a moment ago, in this case, the unlawful purpose alleged to have been the object of the conspiracy was the substantive crime of sex trafficking — that is, the crime charges in Counts Two, Three, and Four.

To show a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people

1  agree to enter into a criminal conspiracy, much is left to an unexpressed understanding.  Instead, the

2  evidence must show that two or more persons, in some way or manner, either explicitly or implicitly,

3  came to an understanding to violate the law and to accomplish an unlawful plan.

4          In determining whether there has been an unlawful agreement as alleged in the Indictment, you

5  may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent

6  criminal purpose.  Often, the only evidence that is available with respect to the existence of a conspiracy

7  is evidence of conduct by the alleged individual co-conspirators.  When taken all together and

8  considered as a whole, that conduct may warrant the inference that a conspiracy existed.

9          Keep in mind that conspiracy is an entirely separate and different offense from the substantive

10  crime that was the objective of the conspiracy.  Indeed, you may find a defendant guilty of the crime of

11  conspiracy even if you find that the substantive crime was never committed.  Of course, if a defendant

12  participates in a conspiracy and the substantive crime that was the object of the conspiracy was in fact

13  committed, the defendant may be guilty of both.  The point simply is that the objective of the conspiracy

14  need not have been actually been accomplished for a conspiracy to exist.

15  **Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

16

17          Second Element: Knowing and Willful Participation in the Conspiracy

18          If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy

19  alleged in Count One existed, then you must answer the second question: whether the defendant

20  participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful

21  objectives.

22          The Government must prove beyond a reasonable doubt that the defendant willfully and

23  knowingly entered into the conspiracy with criminal intent — that is, with a purpose to violate the law

1 — and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful

2 objectives.

3 The terms "willfully" and "knowingly" are intended to ensure that if you find that the defendant

4 did join the conspiracy, you may not find the defendant guilty unless you also conclude beyond a

5 reasonable doubt that, in doing so, the defendant knew what he was doing; in other words, that he took

6 the actions in question deliberately and voluntarily.

7 An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the

8 defendant's acts must have been the product of his conscious objective rather than the product of force,

9 mistake, accident, mere negligence, or some other innocent reason.

10 It is not necessary for the Government to show that the defendant was fully informed as to all the

11 details of the conspiracy in order for you to infer knowledge on his part. It is not even necessary for the

12 defendant to know every other member of the conspiracy.

13 In addition, the duration and extent of the defendant's participation has no bearing on the issue of

14 his guilt. He need not have joined the conspiracy at the outset. The defendant may have joined it for

15 any purpose at any time in its progress, and he will be held responsible for all that was done before he

16 joined and all that was done during the conspiracy's existence while he was a member. Each member of

17 a conspiracy may perform separate and distinct acts and may perform them at different times. Some

18 conspirators may play major roles, while others play minor roles in the scheme. An equal role is not

19 what the law requires.

20 However, I want to caution you that a person's mere association with a member of the

21 conspiracy does not make that person a member of the conspiracy, even when that association is coupled

22 with knowledge that a conspiracy is taking place. A person may know, be friendly with, or be related to

23 a conspirator, without being a member of the conspiracy. Mere presence at the scene of a crime, even

33

coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  Moreover,

the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or

objectives of the conspiracy, does not make that defendant a member.  More is required under the law:

The defendant must have participated with knowledge of at least some of the purposes or objectives of

the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Ultimately, knowledge and intent are matters of inference from the proved facts.  Science has not

yet devised a manner of looking into a person's mind and knowing what that person is thinking.

However, you do have before you the evidence of certain acts and conversations alleged to have taken

place involving the defendant or in his presence.  You may consider this evidence in determining

whether the Government has proved beyond a reasonable doubt the defendant's knowledge of the

unlawful purposes of the conspiracy.

**Adapted from _United States v. Kidd_, 18 Cr. 782 (VM) (S.D.N.Y. 2018); _United States v. Almonte_, 16**

**Cr. 670 (KMW) (S.D.N.Y. 2017).**

Liability for Acts and Declarations of Co-Conspirators

You heard evidence concerning the acts and statements of people other than the defendant

because these acts and statements were committed or made by persons who, the Government charges,

were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with

the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime, and as

in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each

and every member becomes an agent for the other conspirators in carrying out the conspiracy.

1    Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy,

2    committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the

3    acts or statements of all of the members, and all of the members are responsible for such acts or

4    statements.

5        If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy

6    charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a

7    person also found by you to have been a member of the same conspiracy may be considered against the

8    defendant. This is so even if such acts were committed or such statements were made in the defendant's

9    absence, and without his knowledge.

10       However, before you may consider the acts or statements of a co-conspirator in deciding the guilt

11   of the defendant, you must first determine that the acts were committed or statements were made during

12   the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were

13   made by someone whom you do not find to have been a member of the conspiracy, or if they were not in

14   furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is

15   guilty or not guilty.

16

17   <u>Venue</u>

18       In addition to all of the elements that I have described for you, in order to convict the defendant

19   of each count in the Indictment, you must also decide whether any act in furtherance of the count

20   occurred within the Southern District of New York. I instruct you that the Southern District of New

21   York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan

22   Counties. I further instruct you that Rikers Island is in the Southern District of New York.

In the case of Count One, the conspiracy charge, the Government has satisfied its venue obligations if you conclude that either the unlawful agreement or an overt act took place in this District — even if the defendant never set foot in the District. An overt act is an act performed to effect or bring about the object of a conspiracy. An overt act need not be criminal in nature, but it must be done in furtherance of the object of the conspiracy.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act in furtherance of crime charged in that count occurred in the Southern District of New York. By contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.

**Adapted from _United States v. Kaufman_, 13 Cr. 411 (JMF) (S.D.N.Y. 2013); Sand et al., _S1 Model Federal Jury Instructions-Criminal_, Instr. 1.18A.**

Timing of the Offenses

With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

**Adapted from _United States v. Almonte_, 16 Cr. 670 (KMW) (S.D.N.Y. 2017).**

Selection of the Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to state what your verdict is.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations.  That includes the audio and video recordings and the computer spreadsheets that have been admitted into evidence, all of which have been loaded onto an otherwise empty laptop computer for you to take with you.

If you prefer to listen to or view any evidence here in the courtroom or if you want any of the testimony read back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

**Adapted from _United States v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

**Adapted from _U.S. v. McDaniels_, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

Bias or Sympathy as Juror

All of us, no matter how hard we try, tend to look at others and weigh what they have to say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often, we see life and evaluate evidence through a clouded filter that tends to favor those like ourselves. You must do the best you can to put aside such stereotypes, for all litigants and witnesses are entitled to a level playing field.

Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy. You are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that

1  you must ask yourselves for each count is:  Has the Government proved each element beyond a

2  reasonable doubt?

3         It is for you and you alone to decide whether the Government has proved that the defendant is

4  guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

5  instructed you.

6         It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

7  there is a risk that you will not arrive at a true and just verdict.

8         If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

9  you must render a verdict of acquittal on that particular count.  On the other hand, if you should find that

10  the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with

11  respect to a particular count, then you should not hesitate because of sympathy or any other reason to

12  render a verdict of guilty on that count.

13         I also caution you that, under your oath as jurors, you cannot allow to enter into your

14  deliberations any consideration of the punishment that may be imposed upon the defendant if he is

15  convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

16  and the issue of punishment may not affect your deliberations as to whether the Government has proved

17  the defendant's guilt beyond a reasonable doubt.

18  **<u>Adapted in part from Judith Olans Brown et al., *Some Thoughts About Social Perception &*</u>**

19  **<u>*Employment Discrimination Law: A Modest Proposal for Reopening the Judicial Dialogue*, 46</u>**

20  **<u>Emory L.J. 1487, 1531 (1997); *see also* Anna Roberts, *(Re)forming the Jury: Detection and*</u>**

21  **<u>*Disinfection of Implicit Juror Bias*, 44 Conn. L. Rev. 827, 859-60 & n.254 (2012).</u>**

22

<u>Duty to Deliberate</u>

The most important part of this case, members of the jury, is the part that you as jurors are now

about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

outnumbered.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

any time during your deliberations.

**Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).**

<u>Return of the Verdict</u>

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

attached to these instructions.  Do not write on your individual copies of the Verdict Form.  Ms.

Smallman will give the official Verdict Form to Juror Number One, who should give it to the foreperson

after the foreperson has been selected.

1    As you will see, for Counts One, Two, and Three, the Verdict Form asks you to indicate simply

2    whether you find the defendant guilty or not guilty.  For Count Four, the Verdict Form asks two

3    questions.  You should answer both of these questions.

4    You should draw no inference from the questions on the Verdict Form as to what your verdict

5    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

6    should be answered.

7    After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

8    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

9    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

10   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

11   Verdict Form and hand it to me in open court when I ask for it.

12   I will stress again that each of you must be in agreement with the verdict that is announced in

13   court.  Once your verdict is announced by your foreperson in open court and officially recorded, it

14   cannot ordinarily be revoked.

15   **<u>Adapted from <i>United States v. McDaniels</i>, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).</u>**

16

17   <u>Closing Comments</u>

18   Finally, I say this, not because I think it is necessary, but because it is the custom in this

19   courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

20   All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

21   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

22   to see that justice is done.

1    Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely

2    by the evidence presented during the trial and the law as I gave it to you, without regard to the

3    consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the

4    basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is

5    a risk that you will not arrive at a just verdict.  You must make a fair and impartial decision so that you

6    will arrive at the just verdict.

7    Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

8    spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

9    patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

10   the case to you.  Thank you.

11   **<u>Adapted from *United States v. McDaniels*, 17 Cr. 184 (JMF) (S.D.N.Y. 2017).</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                              :

UNITED STATES OF AMERICA,          :

                                   :         S1 18 Cr. 528 (JMF)

        -v-                       :

                                   :

HUBERT DUPIGNY,               :         <u>VERDICT FORM</u>

                                   :

               Defendant.        :

                                   :
------------------------------------------------------------------X

*** All Answers Must Be Unanimous***

## Count One: Conspiracy to Commit Sex Trafficking

    Guilty _____               Not Guilty _____

## Count Two: Sex Trafficking of a Minor (Victim 1)

    Guilty _____               Not Guilty _____

## Count Three: Sex Trafficking of a Minor (Victim 2)

    Guilty _____               Not Guilty _____

## Count Four: Sex Trafficking of Victim 3

### *Please answer both of the following two questions:*

1. Do you unanimously find that the Government has proved beyond a reasonable doubt that the defendant, Hubert Dupigny, is guilty of committing the crime charged in Count Four of the Indictment, knowing or (except as to the act of advertising) in reckless disregard of the fact that Victim 3 had not attained the age of 18 years or (if you find that the defendant committed a trafficking act) that the defendant had a reasonable opportunity to observe Victim 3?

    Yes _____               No _____

2. Do you unanimously find that the Government has proved beyond a reasonable doubt that the defendant, Hubert Dupigny, is guilty of committing the crime charged in Count Four of the Indictment, knowing or (except as to the act of advertising) in reckless disregard of the fact that force, threats of force, fraud, coercion, or any combination of such means would be used to cause Victim 3 to engage in a commercial sex act?

    Yes _____               No _____

*Once you have answered all questions, please sign on the next page and write the date and time.*

_____    _____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Date and Time:     _____

***Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.***

# COURT EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :            S1 18 Cr. 528 (JMF)
            -v-                                           :
                                                          :
HUBERT DUPIGNY,                                           :
                                                          :
                          Defendant.                      :
                                                          :
-------------------------------------------------------------------X


**JURY CHARGE**




January 17, 2020

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ...................................................................... 1

    Role of the Court and the Jury............................................................................................ 2

    The Parties ........................................................................................................................... 2

    Conduct of Counsel ............................................................................................................. 2

    Presumption of Innocence ................................................................................................... 3

    Proof Beyond a Reasonable Doubt...................................................................................... 3

    Direct and Circumstantial Evidence ................................................................................... 4

    What Is and What Is Not Evidence ..................................................................................... 5

    Credibility of Witnesses ...................................................................................................... 7

    Law Enforcement Witnesses ............................................................................................... 8

    Cooperating Witnesses ........................................................................................................ 8

    Preparation of Witnesses ................................................................................................... 10

    Uncalled Witnesses............................................................................................................ 10

    Number of Witnesses and Uncontradicted Testimony ...................................................... 11

    Stipulations ........................................................................................................................ 12

    Limited Purpose Evidence................................................................................................. 12

    Charts and Summaries ....................................................................................................... 12

    Particular Investigative Techniques................................................................................... 12

    Persons Not on Trial .......................................................................................................... 13

    Creation and Use of Recordings ....................................................................................... 13

    Transcripts of Audio Recordings....................................................................................... 13

    Searches and Seizures........................................................................................................ 13

    The Defendant's Testimony ............................................................................................... 14

II. SUBSTANTIVE CHARGES ................................................................................................. 14

    The Indictment................................................................................................................... 14

    **Counts Two and Three: Sex Trafficking of Minors** ................................................... 15

        First Element: Trafficking Act ................................................................................ 16

        Second Element: Knowledge of the Victim's Age and a Commercial Sex Act ........... 18

        Third Element: Interstate or Foreign Commerce ......................................................... 20

    **Count Four: Sex Trafficking of a Minor, Including by Force, Threats of Force, Fraud, Coercion, or Any Combination of Such Means**................................................................ 22

        Second Element: Force, Threats of Force, Fraud, or Coercion .................................... 23

    Aiding and Abetting .......................................................................................................... 27

    **Count One: Conspiracy to Commit Sex Trafficking**.................................................. 29

        First Element: Existence of the Conspiracy................................................................. 29

        Second Element: Knowing and Willful Participation in the Conspiracy ..................... 30

        Liability for Acts and Declarations of Co-Conspirators .............................................. 32

    Venue ................................................................................................................................. 33

    Timing of the Offenses ...................................................................................................... 34

III. CONCLUDING INSTRUCTIONS ...................................................................................... 35

    Selection of the Foreperson ............................................................................................... 35

    Right to See Exhibits and Hear Testimony ....................................................................... 35

    Juror Note-Taking ............................................................................................................. 36

Bias or Sympathy as Juror ............................................................................................... 36

Duty to Deliberate .......................................................................................................... 37

Return of the Verdict ...................................................................................................... 38

Closing Comments .......................................................................................................... 39

## I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this point to instruct you as to the law.  My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law; rather, you should consider my instructions as a whole when you retire to deliberate in the jury room.

## Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

## The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant, Hubert Dupigny, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

## Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

<u>Presumption of Innocence</u>

The defendant has pleaded not guilty to the charges against him. As a result of that plea of not guilty, the burden is on the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

Furthermore, the law presumes the defendant to be innocent of the charges against him. The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room.

<u>Proof Beyond a Reasonable Doubt</u>

The question that naturally arises is, "What is a reasonable doubt?" A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case — or the lack of evidence.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict. On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that circumstance it is your duty to acquit.


Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses. The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

outside. Also assume that the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence. The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.


<u>What Is and What Is Not Evidence</u>

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties. Anything else is not evidence. For example, the questions posed to a witness are not evidence: It is the witnesses' answers that are evidence, not the

questions. In addition, exhibits marked for identification but not admitted by me are not evidence, nor are materials brought forth only to refresh a witness's recollection. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Along these lines, we have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out. You are to concern yourself only with the part of the document that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Arguments by the advocates are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Finally, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. The rulings I have made during the trial and these instructions are no indication of my views of what your decision should be. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

<u>Credibility of Witnesses</u>

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the same tests here that you use in your everyday life when evaluating statements made by others to you. You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his of her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Law Enforcement Witnesses

You have heard testimony from law enforcement officers and other Government employees. The fact that a witness is employed by the Government does not mean that the witness's testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness. It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give to that testimony whatever weight you find it deserves.

Cooperating Witnesses

You have heard from a witness who testified that he was actually involved in committing certain crimes with the defendant. You have heard that the witness pleaded guilty to charges arising out of some of the same facts as in this case after entering into an agreement with the Government under which he received benefits for cooperating with the Government and testifying in this case.

The Government is permitted to present the testimony of someone who has received a benefit from the Government in exchange for his testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough, in itself, for conviction if the jury believes that the testimony establishes guilt beyond a reasonable doubt. Whether or not this testimony may have been influenced by the government's promise is for you to determine. You may give this testimony such weight as you think it deserves.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in committing crimes. It is also the case, however, that accomplice testimony

is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The possible interest an accomplice may have in testifying is different from the interest of any other witness. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case. You should ask yourselves whether the so-called accomplice would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. On the other hand, if, after a cautious and careful examination of the witness's testimony and demeanor, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it. That is a determination entirely for you.

You are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. A witness's decision to plead

guilty is a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Finally, I caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you. You should look at all the evidence in deciding what credence and what weight, if any, you will want to give the testimony of a cooperating witness.

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. As always, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Uncalled Witnesses

There are people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as

to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden of proof remains at all times with the Government.

Number of Witnesses and Uncontradicted Testimony

The fact that one party called more witnesses does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness to be not credible. You must decide which witnesses to believe and determine which facts are true. To do this, you must look at all the evidence or lack of evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side. Again, you should also keep in mind that the burden of proof is always on the Government. The defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent. On the other hand, the Government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that the witness has truthfully and accurately related what he or she has told you.

<u>Stipulations</u>

Stipulations were entered into relating to various facts in this case. A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you. The stipulations are the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

<u>Limited Purpose Evidence</u>

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

<u>Charts and Summaries</u>

There was one summary chart admitted into evidence at trial. You should consider it as you would any other evidence.

<u>Particular Investigative Techniques</u>

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did, or why it did not use other techniques.

## Persons Not on Trial

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

## Creation and Use of Recordings

Audio recordings of various telephone calls and video recordings of certain incidents have been admitted in evidence. I instruct you that the creation of these recordings was entirely lawful and that these recordings were properly admitted in evidence. Of course, it is for you to decide what weight, if any, to give to this evidence.

## Transcripts of Audio Recordings

The Government has been permitted to give you transcripts containing the Government's interpretation of what can be heard on audio recordings that have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the recordings. As I have told you, they are not in and of themselves evidence. You alone should make your own interpretation of what appears on the recordings based on what you heard. If you think you heard something differently than appeared on the transcript, then what you heard is controlling.

## Searches and Seizures

You have heard testimony about evidence seized in various searches, including the search of certain electronic devices. Evidence obtained from those searches was properly admitted in this case,

and may be properly considered by you. Indeed, such searches are entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the Defendant's guilt beyond a reasonable doubt. Once again, however, it is for you to decide what weight, if any, to give to this evidence.

The Defendant's Testimony

The defendant testified. You should treat this testimony just as you would the testimony of any other witness.

## II. SUBSTANTIVE CHARGES

The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment contains four charges, or "counts," against Hubert Dupigny. Each count accuses the defendant of committing a different crime. You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.

Count One charges that, from about August 2016 to about May 2017, Hubert Dupigny conspired with others to engage in the sex trafficking of minor victims, including by force, threats of force, fraud, coercion, or a combination of such means.

Count Two charges that, from about August 2016 to about May 2017, Hubert Dupigny engaged in sex trafficking of a minor victim, identified as Victim-1.

Count Three charges that, from about August 2016 to about November 2016, Hubert Dupigny engaged in sex trafficking of another minor victim, identified as Victim-2.

Count Four charges that, from about November 2016 to about December 2016, Hubert Dupigny engaged in sex trafficking of another minor victim, identified as Victim-3, including by force, threats of force, fraud, coercion, or a combination of such means.

Because I think it will make my instructions somewhat easier to follow, I am going to begin by explaining Counts Two, Three, and Four, which charge the defendant with the substantive crime of sex trafficking. Then I will explain Count One, which charges the defendant with conspiring to commit the crime of sex trafficking.


**Counts Two and Three: Sex Trafficking of Minors**

Each of Counts Two and Three charges the defendant with sex trafficking a minor.

To find the defendant guilty of either Count Two or Three, you must find that the Government has proved each of the following three elements beyond a reasonable doubt:

**First**, the defendant either:

(a) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue,

**or**

(b) knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue;

**Second**, the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim at issue was under eighteen years of age and would be caused to engage in a commercial sex act; and

**Third**, the defendant's conduct was in or affected interstate or foreign commerce.

First Element: Trafficking Act

There are two different ways for the Government to satisfy the first element. The first is by proving beyond a reasonable doubt that the defendant knowingly engaged in one of the following acts: recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting the victim at issue. The second way is by proving beyond a reasonable doubt that the defendant knowingly took part in a venture that engaged in one of these trafficking activities and that the defendant benefitted, financially or by receiving a thing of value, from the venture. The Government does not have to prove that the defendant violated the statute both ways.

With respect to your consideration of whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue, I instruct you to use the ordinary, everyday definitions of these terms. "Recruit" means to seek to enroll. "Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford shelter to, such as in a house or other place. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of or acquire. "Advertise" means to publicize. "Maintain" means to keep in an existing state or support. "Patronize" means to visit or obtain services in exchange for money. "Solicit" means to seek out.

The second, or alternative, way to prove the first element of sex trafficking is for the Government to show that there was a venture that engaged in recruiting, enticing, harboring,

transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting the victim at issue; that the defendant knowingly participated in some way in that venture; and that the defendant knowingly benefitted, financially or by receiving anything of value, from that venture.

In considering whether the defendant participated in such a venture, I instruct you that a venture is defined as "any group of two or more individuals associated in fact, whether or not as a legal entity." You may find that the defendant participated in a venture prohibited by the sex trafficking law if the defendant took part in that venture in any way. The defendant may be, but need not be, responsible for forming that venture. Likewise, the defendant need not be the organizer or main participant in the venture and need not have participated throughout the length of the venture. It is enough if the defendant took some part in the venture for any period of time while the venture was still ongoing, even if the part he played was minor, and even if it did not relate to the actual recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing or soliciting of the victim at issue for commercial sex.

To benefit, financially or by receiving anything of value, from a venture, the defendant must receive some form of profit, benefit, value, or advantage, no matter how minor or intangible, from the venture.

Of course, if you find that the defendant himself recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized or solicited the victim at issue, you need not consider whether or not the defendant benefitted from doing so.

To satisfy the first element, the Government must prove that the defendant acted knowingly. An act is done "knowingly" if it is done deliberately and purposely; that is, the defendant's actions must have been his conscious objective rather than a product of a mistake or accident, or mere negligence or some other innocent reason.

17

In deciding whether or not the first element of Counts Two and Three has been satisfied, you need not all agree that the Government has proved the element the first way or the second way. Stated differently, you need not all agree the defendant actually recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue, or also all agree that the defendant participated in a venture that did one of those things and benefitted thereby. You need only agree that the Government has proved beyond a reasonable doubt that the defendant did one or the other of these two alternatives.

Second Element: Knowledge of the Victim's Age and a Commercial Sex Act

The second element of Counts Two and Three requires the Government to prove beyond a reasonable doubt that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim at issue was under the age of eighteen and would be caused to engage in a commercial sex act.

In determining whether the defendant knew that the victim was under the age of eighteen and would be caused to engage in a commercial sex act, you should apply the definition of "knowingly" that I previously explained to you.

The phrase "recklessly disregarded" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that another fact exists. For example, in order to prove beyond a reasonable doubt that the defendant "recklessly disregarded" the fact that the victim was under eighteen years of age, the Government must prove that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit you to find that this element has been

satisfied.  Stated another way, a person's reckless disregard of a particular fact may be shown by proof of deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

I instruct you, however, that if you determine that the defendant only "advertised" the victim at issue, you must find that the defendant acted knowingly — in other words, that he knew that the person he advertised was under the age of eighteen.  For this means of violating the sex trafficking statute, and for this means only, reckless disregard is insufficient.

Finally, if you find that the defendant recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue — but not if you find only that the defendant benefitted from participation in a venture that did such things — the Government may satisfy the knowledge element in a third way: by proving that the defendant had a reasonable opportunity to observe the victim at issue.  That is, if you find the defendant personally committed a trafficking act as to the victim at issue, the Government need not prove that the defendant knew that the victim had not attained the age of eighteen years so long as the Government proves that the defendant had a reasonable opportunity to observe the victim.  When considering whether the defendant had a reasonable opportunity to observe a victim, you should use the ordinary everyday definitions of these terms.

To be clear, however, if you find only that the defendant benefitted from participation in a venture that engaged in sex trafficking — not that he himself recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue — a reasonable opportunity to observe the victim is not sufficient.  In that case, the Government must show that the defendant had actual knowledge that the victim at issue was less than eighteen years of age or (except as to the act of advertising) recklessly disregarded the fact that the victim at issue was less than eighteen years of age.

So to summarize, as to the victim's age, the Government can satisfy its burden of proof by proving beyond a reasonable doubt one of the following: (1) that the defendant actually knew that the victim at issue was under the age of eighteen; (2) except as to the act of advertising, that the defendant was in reckless disregard of the fact that the victim at issue was under the age of eighteen; or (3) if the defendant himself recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue, that the defendant had a reasonable opportunity to observe the victim.

The second element of Counts Two and Three also requires the Government to prove beyond a reasonable doubt that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim at issue would be caused to engage in a commercial sex act. A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person. To find that this requirement is satisfied, you need not find that the victim actually performed a commercial sex act as long as the Government proved that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim would be caused to engaged in a commercial sex act when he (1) recruited, enticed, harbored, transported, provided, obtained, maintained, advertised, patronized, or solicited the victim at issue, or (2) participated in a venture that did so and benefitted from it.


Third Element: Interstate or Foreign Commerce

To satisfy the third and final element of Counts Two and Three, the Government must prove beyond a reasonable doubt that the defendant's sex trafficking activities were in interstate or foreign commerce or affected interstate or foreign commerce. The Government need not prove that the activities both were in interstate or foreign commerce and affected interstate or foreign commerce.

The term "interstate commerce" means the movement of goods, services, money and individuals from one State to another State. The term "State" includes a State of the United States and the District of Columbia.

The term "foreign commerce" means the movement of goods, services, money and individuals from one country to another country. I instruct you that the Netherlands is a foreign country.

To satisfy this element, the Government must prove that the defendant's conduct affected interstate or foreign commerce in any way, no matter how minimal. The Government need not prove that the defendant was transported across a state line or foreign border. If you find beyond a reasonable doubt that the defendant's recruitment, enticement, harboring, transportation, providing, obtaining, advertising, maintaining, patronizing, or soliciting of a person knowing that she would be caused to engage in commercial sex acts, or his participation in a venture that undertook such a trafficking act, was economic in nature and involved the crossing of state lines or a foreign border, or was economic in nature and otherwise affected the flow of money to any degree across state lines or a foreign border, however minimal, you may find that the interstate or foreign commerce requirement of the offense of sex trafficking of a minor has been satisfied.

In determining whether the defendant's conduct "affected interstate or foreign commerce," you may consider whether the defendant used means, instrumentalities, or facilities of interstate or foreign commerce. A facility of interstate or foreign commerce is a thing, tool, or device that is involved in interstate or foreign commerce. Cell phones and the Internet are both means, facilities, or instrumentalities of interstate or foreign commerce.

Finally, it is not necessary for the Government to prove that the defendant knew his conduct was in or affecting interstate or foreign commerce.

<u>Consent Is Not a Relevant to Counts Two and Three</u>

Finally, as I instructed you at the beginning of trial, with respect to Counts Two and Three, it is not relevant whether a minor victim was a willing participant in performing commercial sex acts. Consent by a minor is not a defense to Count Two or Three.


## **Count Four: Sex Trafficking of a Minor, Including by Force, Threats of Force, Fraud, Coercion, or Any Combination of Such Means**

Count Four of the Indictment charges the defendant with sex trafficking of a minor, including by force, threats of force, fraud, coercion, or any combination of such means.  To find the defendant guilty of Count Four, you must find that the Government has proved each of the following three elements beyond a reasonable doubt with respect to the victim, who is identified in the Indictment as Victim-3:

**First**, the defendant either:

(a) knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited the victim at issue,

**or**

(b) knowingly benefitted, financially or by receiving anything of value, from participating in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited the victim at issue;

**Second**, the defendant either:

(a) knew or (except as to the act of advertising) recklessly disregarded the fact that the victim was under the age of eighteen and would be caused to engage in a commercial sex act;

**or**

(b) knew or (except as to the act of advertising) recklessly disregarded the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act; and

**Third**, the defendant's conduct was in or affected interstate or foreign commerce.

The first and third elements of Count Four are the same as the first and third elements of Counts Two and Three; as to those two elements, you should apply the instructions I gave you earlier. The second element of Count Four, however, is different.

Second Element: Force, Threats of Force, Fraud, or Coercion

The second element of Count Four requires the Government to prove beyond a reasonable doubt either (1) that the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim was under the age of eighteen and would be caused to engage in a commercial sex act **or** (2) that the defendant knew or (except as to the act of advertising) recklessly disregarded that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

With respect to Count Four — and Count Four only — the Indictment alleges that the defendant knew or recklessly disregarded both of these facts, and you should thus consider whether the defendant knew or recklessly disregarded both of these facts. The Government, however, does not need to establish both; it need only prove that the defendant knew or recklessly disregarded either one of these facts. But for the Government to meet its burden on this element, you must unanimously agree not only that the defendant knew or recklessly disregarded one of these sets of facts, but also *which* one. If you cannot unanimously agree as to which of the sets of facts the defendant knew or recklessly disregarded, then you must find the defendant not guilty as to Count Four.

23

In determining whether the defendant knew or (except as to the act of advertising) recklessly disregarded that the victim was under the age of eighteen and would be caused to engage in a commercial sex act, please apply the instructions that I gave to you with respect to Counts Two and Three. So too, you should apply here the definition of "commercial sex act" that I gave you earlier with respect to Counts Two and Three.

In determining whether the defendant knew or (except as to the act of advertising) recklessly disregarded that force, threats of force, fraud, or coercion, or any combination of such means, were used to cause the victim to engage in a commercial sex act, please use the following definitions and instructions.

The term "force" means any form of power, violence, or physical pressure directed against another person.

The term "threat" means a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "fraud" means that the defendant knowingly made a misstatement or omission of a material fact to entice the victim. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

The term "coercion" has three meanings. It means any threat of serious harm to or physical restraint against any person; or, any scheme, plan, or pattern intended to cause a person to believe that

failure to perform an act would result in serious harm to or physical restraint against any person; or, any abuse or threatened abuse of law or the legal process.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same situation as the trafficked person to perform or continue performing commercial sexual activity in order to avoid incurring that harm.

"Abuse or threatened abuse of law or legal process," means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

If you find that any of these prohibited means was used — or any combination of these means — you must then determine whether such use was sufficient to cause the victim to engage in a commercial sex act against her will. In making that determination, you may consider the special vulnerabilities, if any, of the victim. By this, I mean that you may consider any aspect of the victim's age, background, station in life, physical or mental condition, experience or education, or any inequalities between her and the defendant.

In addition, you may consider the cumulative effect of the conduct of a defendant on the victim. The Government does not need to link any specific commercial sex act to any particular threat made, or any particular action taken, or any particular act of fraud or deception on the part of the defendant. If the defendant's use of force, threats of force, fraud, or coercion, or any combination thereof, was sufficient to give rise to a climate of fear that would compel a reasonable person in the victim's situation to comply with the defendant's demands, in light of the totality of the defendant's conduct, the surrounding

circumstances, and any vulnerabilities of the victim, then you likewise may find that the second element has been met.

The Government also need not prove physical restraint — such as the use of chains, barbed wire, or locked doors — in order to establish the offense of sex trafficking. The fact that the victim may have had an opportunity to escape is irrelevant if a defendant placed her in fear of leaving or created circumstances such that she did not reasonably believe she could leave. A victim is under no affirmative duty to try to escape.

If there is just one instance in which the defendant used force, threats of force, fraud, or coercion to cause the victim to perform commercial sex acts, that is sufficient. The victim does not need to have been subjected to force, threats of force, fraud, or coercion for the entirety of the period in which she engaged in commercial sex acts for the defendant. Thus, the fact that a person may have initially acquiesced or agreed to perform a commercial sex act does not preclude a finding that the person was later compelled to engage in prostitution through the use of force, threats of force, fraud, or coercion. For example, if a victim willingly engaged in an act of prostitution, then later wanted to withdraw but was compelled to continue to perform acts of prostitution through force, threats of force, fraud, or coercion, then you may find that her later acts of prostitution were compelled by force, threats of force, fraud, or coercion.

Further, whether a person is paid or is able to keep some of her earnings is not determinative of the question of whether that person has been compelled to engage in sex trafficking. In other words, if a person is compelled to engage in a commercial sex act through force, threats of force, fraud, or coercion, such service is involuntary even if she is paid or compensated for the work.

<u>Relevance of Consent to Count Four</u>

Again, a minor's consent is not a defense to the charge of sex trafficking a minor.  Thus, in deciding whether the Government proved beyond a reasonable doubt that the defendant knew or (except as to the act of advertising) recklessly disregarded that Victim 3 was under the age of eighteen and would be caused to engage in a commercial sex act, it is irrelevant whether Victim 3 consented to engaging in commercial sex acts.

By contrast, with respect to whether the defendant knew or recklessly disregarded that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act, the alleged victim's consent is a defense.  That means that, if you find that Victim 3 consented to engaging in all the commercial sex acts at issue, you may not find the defendant guilty of Count Four on that theory.


<u>Aiding and Abetting</u>

In connection with the substantive crimes charged in Counts Two through Four, the defendant also is charged with aiding and abetting the commission of this crime.  The defendant therefore can be convicted either if he committed the crime himself or if another person committed the crime and the defendant aided and abetted that person to commit the crime.  In other words, it is not necessary for the Government to show that the defendant himself physically committed the crime charged in order for you to find them guilty.  This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offenses charged in Counts Two through Four if you find beyond a reasonable doubt that the Government has proved that another person actually

committed the offense with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced, or procured that person to commit the crime.

To aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed. In other words, an aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

Let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to make the defendant guilty under this approach of aiding and abetting. Such a defendant would be guilty under this approach of aiding and abetting only if, in addition to knowing of the criminal activity, he actually took actions intended to help it succeed.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

1.      Did he participate in the crime charged as something he wished to bring about?

2.      Did he knowingly associate himself with the criminal venture?

3.      Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

## Count One: Conspiracy to Commit Sex Trafficking

Now I will go back to Count One. Count One charges the defendant with knowingly and willfully participating in a conspiracy, from about August 2016 to about May 2017, to commit the crime of sex trafficking.

In order to meet its burden of proving that the defendant is guilty of the sex trafficking conspiracy charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

**First**, the existence of the conspiracy charged — that is, the existence of an agreement or understanding to violate the laws of the United States that make it a crime to commit sex trafficking; and

**Second**, that the defendant knowingly and willfully became a member of the conspiracy.

Now let me elaborate on these elements.

### First Element: Existence of the Conspiracy

The first element that the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is the existence of a conspiracy. What is a conspiracy? A conspiracy is a kind of criminal partnership — an agreement between two or more persons to join together to accomplish some unlawful purpose. As I mentioned just a moment ago, in this case, the unlawful purpose alleged to have been the object of the conspiracy was the substantive crime of sex trafficking — that is, the crime charges in Counts Two, Three, and Four.

To show a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to an unexpressed understanding. Instead, the

evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. Often, the only evidence that is available with respect to the existence of a conspiracy is evidence of conduct by the alleged individual co-conspirators. When taken all together and considered as a whole, that conduct may warrant the inference that a conspiracy existed.

Keep in mind that conspiracy is an entirely separate and different offense from the substantive crime that was the objective of the conspiracy. Indeed, you may find a defendant guilty of the crime of conspiracy even if you find that the substantive crime was never committed. Of course, if a defendant participates in a conspiracy and the substantive crime that was the object of the conspiracy was in fact committed, the defendant may be guilty of both. The point simply is that the objective of the conspiracy need not have been actually been accomplished for a conspiracy to exist.


Second Element: Knowing and Willful Participation in the Conspiracy

If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy alleged in Count One existed, then you must answer the second question: whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove beyond a reasonable doubt that the defendant willfully and knowingly entered into the conspiracy with criminal intent — that is, with a purpose to violate the law — and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

The terms "willfully" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you may not find the defendant guilty unless you also conclude beyond a reasonable doubt that, in doing so, the defendant knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of his conscious objective rather than the product of force, mistake, accident, mere negligence, or some other innocent reason.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. It is not even necessary for the defendant to know every other member of the conspiracy.

In addition, the duration and extent of the defendant's participation has no bearing on the issue of his guilt. He need not have joined the conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. A person may know, be friendly with, or be related to a conspirator, without being a member of the conspiracy. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or

objectives of the conspiracy, does not make that defendant a member. More is required under the law: The defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Ultimately, knowledge and intent are matters of inference from the proved facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You may consider this evidence in determining whether the Government has proved beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

<u>Liability for Acts and Declarations of Co-Conspirators</u>

You heard evidence concerning the acts and statements of people other than the defendant because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime, and as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

Venue

In addition to all of the elements that I have described for you, in order to convict the defendant of each count in the Indictment, you must also decide whether any act in furtherance of the count occurred within the Southern District of New York. I instruct you that the Southern District of New York includes Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties. I further instruct you that Rikers Island is in the Southern District of New York.

The Government need not prove that the entirety of the charged crime was committed in the Southern District of New York or that the defendant was present here. It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred within the Southern District of New York, and it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York. In the case of Count One, the conspiracy charge, the Government has

33

satisfied its venue obligations if you conclude that either the unlawful agreement or an overt act took place in this District. An overt act is an act performed to effect or bring about the object of a conspiracy. An overt act need not be criminal in nature, but it must be done in furtherance of the object of the conspiracy.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act in furtherance of crime charged in that count occurred in the Southern District of New York and that it was reasonably foreseeable to the defendant that the act would take place in the Southern District of New York. By contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with regard to any count, then you must acquit the defendant of that count.


Timing of the Offenses

With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

# III. CONCLUDING INSTRUCTIONS

## Selection of the Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to state what your verdict is. Notes should be signed by the foreperson and should include the date and time they were sent. They should also be as clear and precise as possible. Any notes from the jury will become part of the record in this case. So please be as clear and specific as you can be in any notes that you send. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

## Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations. That includes the audio and video recordings and the computer spreadsheets that have been admitted into evidence, all of which have been loaded onto an otherwise empty laptop computer for you to take with you.

If you prefer to listen to or view any evidence here in the courtroom or if you want any of the testimony read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

Bias or Sympathy as Juror

All of us, no matter how hard we try, tend to look at others and weigh what they have to say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often, we see life and evaluate evidence through a clouded filter that tends to favor those like ourselves. You must do the best you can to put aside such stereotypes, for all litigants and witnesses are entitled to a level playing field.

Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy. You are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that you must ask yourselves for each count is: Has the Government proved each element beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has proved that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.

It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then you must render a verdict of acquittal on that particular count. On the other hand, if you should find that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that count.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted. The duty of imposing a sentence in the event of conviction rests exclusively with the Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in

the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  Ms. Smallman will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

As you will see, for Counts One, Two, and Three, the Verdict Form asks you to indicate simply whether you find the defendant guilty or not guilty.  For Count Four, the Verdict Form asks two questions.  You should answer both of these questions.

You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.


Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you. Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                       :

UNITED STATES OF AMERICA,          :

                                             :        S1 18 Cr. 528 (JMF)

          -v-                        :

                                             :

HUBERT DUPIGNY,                :        <u>VERDICT FORM</u>

                                             :

                           Defendant.       :

                                             :
-------------------------------------------------------------------X

*All Answers Must Be Unanimous*

## Count One: Conspiracy to Commit Sex Trafficking

    Guilty _____              Not Guilty _____

## Count Two: Sex Trafficking of a Minor (Victim 1)

    Guilty _____              Not Guilty _____

## Count Three: Sex Trafficking of a Minor (Victim 2)

    Guilty _____              Not Guilty _____

## Count Four: Sex Trafficking of Victim 3

### *Please answer both of the following two questions:*

1.  Do you unanimously find that the Government has proved beyond a reasonable doubt that the defendant, Hubert Dupigny, is guilty of committing the crime charged in Count Four of the Indictment, knowing or (except as to the act of advertising) in reckless disregard of the fact that Victim 3 had not attained the age of 18 years or (if you find that the defendant committed a trafficking act) that the defendant had a reasonable opportunity to observe Victim 3?

      Yes _____             No _____

2.  Do you unanimously find that the Government has proved beyond a reasonable doubt that the defendant, Hubert Dupigny, is guilty of committing the crime charged in Count Four of the Indictment, knowing or (except as to the act of advertising) in reckless disregard of the fact that force, threats of force, fraud, coercion, or any combination of such means would be used to cause Victim 3 to engage in a commercial sex act?

      Yes _____             No _____

*Once you have answered all questions, please sign on the next page and write the date and time.*

_____ _____
Foreperson

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

Date and Time:     _____

***Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.***

# COURT EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                      :

UNITED STATES OF AMERICA,              :

                                                      :

            -v-                           :                18 Cr. 528-1 (JMF)

                                                      :

HUBERT DUPIGNY,                      :                 <u>VOIR DIRE</u>

                                                      :

                         Defendant.        :

                                                      :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

 

## PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON

## THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question.  If your answer to a question is "**no**," you should not do anything.  Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.     General Questions

1.      As I noted, this trial is expected to last up to two weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by Friday, January 24, 2020?

2.      Do you have any difficulty understanding or reading English?

3.      Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4.      Do you have any doubt that you will be able to apply the law as I explain it, even if you disagree with it?

5.      Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of guilty?

6.      Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of not guilty?

7.      In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt.  Would you have any trouble following my instructions on those points?

8.     Because the burden rests with the Government at all times, the defendant has no obligation to offer evidence or to testify in his own defense. If the defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

9.     Do you believe that our system of criminal justice improperly favors or disfavors criminals or persons charged with crimes?

10.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

11.    Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office?

12.    Have you, or has any close friend or relative, ever worked for any law enforcement agency, such as the New York City Police Department, the Department of Corrections, the Federal Bureau of Investigation (also known as the "FBI"), the Drug Enforcement Administration (also known as the "DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives (also known as the "ATF"), the United States Marshals Service, the District Attorney, the United States Attorney, the Department of Justice, Probation or Parole, the Bureau of Prisons, or any other such agency?

13.    Do you know or do you have an association with any member of the staff of the United States Attorney's Office for the Southern District of New York?

14.    Do you have any bias or prejudice for or against the United States Attorney's Office or any other law enforcement agency?

15.     Have you, or has any member of your family, either as an individual or in the course of business, ever been party to any legal action or dispute with the United States or any of the offices, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

16.     Do you, or do any of your relatives or close friends, work for a criminal defense attorney or private investigator?

17.     Do you have any bias or prejudice for or against criminal defense attorneys?

18.     Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

B.      <u>Case-Specific Questions</u>

19.     Would the fact that the charges in this case involve allegations of sex trafficking of minors make it difficult for you to render a fair and impartial verdict?

20.     Would hearing or seeing evidence related to sex trafficking of minors or sex trafficking involving the use of force, threats of force, fraud, or coercion make you so uncomfortable that you might be unable to judge the evidence fairly and impartially?

21.     Do you believe that sex trafficking laws in this country are in any manner unfair or unconstitutional?

22.     Do you have any opinion about the enforcement of the federal sex trafficking laws that might prevent you from being fair and impartial in this case?

23.     This trial may involve witnesses who will testify that they have been involved in prostitution.  Do you believe that being involved or having been involved in prostitution necessarily makes a person less credible or trustworthy?

24.     Do you believe that prostitution should be legalized?

25.     Do you believe that the prostitution of minors should be legalized?

26.     Have you, or has any close friend or relative, ever been accused of working as a prostitute or paying a prostitute?

27.     Do you have beliefs, religious or otherwise, that affect your view of prostitution or people accused of being involved with prostitution?

28.     Do you have beliefs, religious or otherwise, that would affect your view of a person who engages in polyamory (that is, sexual activity with multiple people)?

29.     Have you, or has any member of your family, ever lobbied, petitioned, or worked in any manner either for or against any laws or regulations relating to sex trafficking, prostitution, or sex crimes against minors?

30.     Have you, or has any close friend or relative, ever been involved — in any capacity, including as a defendant, victim, or witness — in a case involving sex trafficking, prostitution, or sex crimes against minors?

31.     Have you, or has any close friend or relative, ever been arrested for any reason?

32.     Have you, or has any close friend or relative, ever been the victim of any crime — including violence of any kind — such that it might be difficult for you to be fair and impartial in this case?

33.     Do you believe that a woman alleging sexual misconduct or abuse is more likely to be telling the truth than a person alleging another kind of crime?

34.     Mr. Dupigny is charged with acting with other people in the commission of the charged crimes. Those other people are not on trial here. You may not draw any inference, favorable or unfavorable, toward the government or Mr. Dupigny from that fact. Nor may you speculate as to the reason why other people are not on trial. Would you have any trouble following my instructions on those points?

35.     The government witnesses in this case may include law enforcement officers. Do you have any personal views or experiences with law enforcement agencies or officers that would in any way affect your ability to be fair and impartial in this case?

36.     Some of the evidence in this trial may have been obtained through searches and seizures by law enforcement officers. Do you have any feelings or opinions about the use of evidence obtained in law enforcement searches and seizures that could make it difficult for you to evaluate the evidence fairly and impartially?

37.     You may also hear testimony from expert witnesses. Have you had any experience with experts, or do you have any feelings or opinions about the use of experts, that could make it difficult for you to evaluate the evidence fairly and impartially?

38.     You may learn that some of the people involved in this case were previously incarcerated. Do you have any feelings or opinions about incarceration or people who have been incarcerated that could make it difficult for you to evaluate the evidence fairly and impartially?

39.     You may also hear testimony from witnesses who have pleaded guilty or entered into cooperation agreements with the prosecution. Do you have any feelings or opinions about people who plead guilty or cooperate with the prosecution that could make it difficult for you to evaluate the evidence fairly and impartially?

40. Do you have any personal knowledge of the charges in the indictment as I have described them?

41. Have you read or heard anything about this case through the media, the internet, or through any other source?

42. Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

C. Knowledge of Parties, Lawyers, and Witnesses

43. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Geoffrey Berman. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Elinor Tarlow, Jacob Gutwillig, and Michael Herman, and paralegal specialist Soobean Jo. Do you know, or have you had any dealings with, any of them?

44. The Government will also be assisted in this case by Special Agent Brian Gander of the Federal Bureau of Investigation, or "FBI." Do you know, or have you had any dealings with, Agent Gander?

45. Mr. Dupigny is represented by his attorneys, Aaron Mysliwiec and Carine Williams, who will be assisted by paralegal specialist Jonah Hudson-Erdman. Do you know, or have you had any dealings with, any of them?

46. To your knowledge, do you have any relatives, friends, associates, or employers who have had any dealings with the United States Attorney's Office for the Southern District of New York, Mr. Mysliwiec, Ms. Williams, Mr. Hudson-Erdman, or Mr. Dupigny?

47.     Have you or any relatives, friends, associates, or employers had any dealings with the New York City Police Department; the Federal Bureau of Investigation; or any other law enforcement agency that would affect your ability to be fair and impartial in this case?

48.     Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?



49.     Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

50.     Some of the evidence in this case may concern activity that took place at or near the following locations:

   a.     106 Midwood Street, Brooklyn, New York
   b.     50 Maple Street, Brooklyn, New York
   c.     67 Clarkson Avenue, Brooklyn, New York
   d.     667 East 34th Street, Brooklyn, New York
   e.     535 Parkside Avenue, Brooklyn, New York
   f.     JCCA (formerly known as the "Jewish Child Care Association"), Pleasantville, New York
   g.     Hawthorne Cedar Knolls Residential Treatment Center, Hawthorne, New York

Do you have a familiarity with any of these locations that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?

D.     Experience with, and Opinions of, Lawsuits

51.     Have you or has any member of your immediate family ever brought a lawsuit against anyone?

52.     Have you or has any member of your immediate family ever been sued?

53.     Have you or has any member of your immediate family ever appeared as a witness at a trial?

54.     Have you, or has any of your close friends or relatives, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

55.     Have you, or has any of your close friends or relatives, ever been questioned in any matter by a federal, state, or local law enforcement agency?

56.     Have you ever been a witness or a victim in any federal or state prosecution?

57.     Have you, or has any of your close friends or relatives, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

58.     Have you, or has any of your close friends or relatives, ever been employed by or volunteered with any victim assistance organization or neighborhood watch group?

59.     Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

60.     Have you, or has any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

61.     Have you, or has any member of your immediate family, ever been a defendant in a criminal case or been incarcerated?


D.      <u>Difficulties in Understanding or Serving</u>

62.     Do you have a problem with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

63.     Do you have any medical problems that might interfere with your service as a juror in this case?

64.     If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

65.     The question of punishment is for me alone to decide and the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty.  Would you have any trouble following that instruction if you were selected to serve as a juror?

66.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to be fair and impartial in this case.  Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

## QUESTIONS FOR INDIVIDUAL JURORS

1.     Please state your name and every county in which you have lived during the past five years.

2.     How old are you?

3.     How far did you go in school?

4.     What do you do?  (If retired or unemployed, describe your last employment.)

5.     How long have you been employed in your current position?  If fewer than five years, where else did you work in the last five years?

6.     Have you or has any member of your family ever been employed by the city, state, or federal government?

7.     Are there other members of your household and, if so, for whom do they work?

8.     Do you have grown children?  For whom do they work?

9.     What newspapers and magazines do you read on a regular basis?

10.     What websites or news apps do you visit or read on a regular basis?

11.     What television shows do you watch on a regular basis?

12.     Do you belong to or volunteer your time to any associations, organizations, clubs or unions?

13.     What do you like to do in your spare time?

14.     Name one person (living or dead) outside of your family whom you admire and briefly explain why.

15.     Have you ever served as a juror?  If so, when did you serve and were you on a grand jury or a regular jury?  If a regular jury, was it a civil or criminal case?  Did you reach a verdict?  (**Do not tell us what the verdict was**.)