

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 21, 2020

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Hubert Dupigny, et al.*, 18 Cr. 528 (JMF)

Dear Judge Furman:

The parties respectfully write in response to the Court's order dated April 17, 2020. *See* Dkt. No. 297. The Court has directed the parties to advise what actions, if any, it should take prior to defendant Hubert Dupigny's sentencing, currently scheduled for July 22, 2020, in connection with a January 16, 2020 lien which lists as "Debtor Names" (1) "United States District Court Southern District Court of New York," (2) "Furman, Jesse M.," and (3) "Aaron Mysliwiec Miedel & Mysliwiec LLP" and which lists as "Secured Party Names" (1) "Dupigny, John Howard"; and (2) "Dupigny, Hubert-Hinton Hinton."

Defense counsel respectfully submit that actions which may be required to have the lien lifted apparently put Mr. Mysliwiec in an adversarial posture vis-à-vis Mr. Dupigny, giving rise to a potential conflict of interest. For this reason, prior to sentencing, the appointment of new counsel pursuant to *United States v. Curcio*, 680 F.2d 881, 885 (2d Cir. 1982) is warranted. *Curcio* counsel can assess the dimensions of this potential conflict of interest, advise Mr. Dupigny accordingly, and determine whether Mr. Dupigny makes a knowing and voluntary waiver of his right to conflict-free counsel. Defense counsel appreciates that judicial recusal may also be an issue implicated by the lien. However, defense counsel is of the view that (if warranted) it would be inappropriate to brief the issue of judicial recusal prior to a resolution of the requested *Curcio* inquiry. Further, due to the ongoing suspension of attorney client visitation, communications with Mr. Dupigny regarding these issues have been limited.[1] Accordingly, defense counsel has been unable to

---

[1] Ms. Williams requested an attorney client call with Mr. Dupigny on April 15, 2020, the day after receiving the Court's order regarding this letter submission. On April 16, 2020, she was advised that the call would proceed Monday, April 20, 2020 between 1 and 3:30 PM. Ms. Williams received a call from the Metropolitan Detention Center Brooklyn (the "MDC") on April 20 at 10 AM. After being placed on hold for several minutes, she was permitted 20 minutes to speak with Mr. Dupigny (who had other pressing concerns which required some attention) before the call was cut off.

determine whether—even assuming (i) the propriety of having potentially conflicted counsel litigate a substantive issue, and (ii) adequate grounds for judicial recusal—Mr. Dupigny would elect to pursue a request for recusal. For the foregoing reasons, defense counsel respectfully requests reservation of an opportunity to fulsomely brief the issue of judicial recusal, if necessary, so that such litigation occurs after *Curcio* issues are resolved.

That said, the Government includes its legal analysis of the recusal issue herein. Accordingly, defense counsel notes in response that it is not at all clear a motion for judicial recusal would be "meritless" in this case, as the Government characterizes it *infra*. Indeed, preliminary research indicates that district court judges have, under similar circumstances, found recusal a provident exercise of discretion. *See, e.g.*, *United States v. Orego*, No. 04-CV-0008, 2004 WL 367706, *1 (E.D.N.Y. Feb. 23, 2004) (noting that then-Chief Judge Edward Korman recused himself prior to sentencing where the defendant filed false and invalid UCC liens against him, an AUSA, and the warden of MDC Brooklyn; and proceeding to impose civil sanctions in connection with the filing of further false liens against additional AUSAs based, *inter alia*, on the defendant's violation of a temporary restraining order prohibiting him from filing UCC liens, and the defendant's admission that he was responsible for the filings); *United States v. Williams*, No. 01-CR-88, 2007 WL 170305, *1 (M.D. Fl. Jan. 18, 2017) (noting that, in the underlying criminal case, an order of recusal had been entered by the originally assigned judge on the grounds that the defendant's brother had filed UCC liens against the judge and a prosecutor, and that the defendant had assisted in the preparation of the related financing statement). *Accord United States v. Swallers*, 897 F.3d 875, 877 (7th Cir. 2018) (finding no abuse of discretion in the trial court's denial of recusal where the defendant had filed liens against other sitting judges of the district, but *not* against the presiding judge, such that "[the presiding judge] was neither a victim nor an intended victim in this case."). Finally, defense counsel notes that, while the Government takes it as a given that Mr. Dupigny wittingly played some role in the filing of the UCC lien at issue (such that recusal would operate to "reward" assumed judge-shopping efforts), the Government has presented zero evidence in support of that position.

The Government, in turn, does not object to *Curcio* counsel being appointed. The Government further respectfully submits that, although Your Honor is also named in the lien, it is not necessary to transfer the case to another district court judge for the defendant's sentencing.

Title 28 U.S.C. § 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pursuant to Section 455(a), a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 858 n. 7 (1988). In making this determination, the Court should consider whether "an objective, disinterested observer [,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Amico,* 486 F.3d 764, 775 (2d Cir. 2007) (quoting *United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992)). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 889 (2009) (citation omitted). Where, as here, a baseless legal action has been filed, courts generally have upheld a district court's determination not to recuse. *See*,

*e.g.*, *United States v. Cooley,* 1 F.3d 985, 993–94 (10th Cir. 1993) (noting that party's baseless suits against judge do not require judge's recusal); *United States v. Hill*, 622 F. App'x 193, 195 (4th Cir. 2015) (concluding that the fact that the defendant was charged with attempting to file false lien against the presiding judge did not necessitate the judge's recusal); § 3542 Grounds for Disqualification—Bias or Prejudice, 13D Fed. Prac. & Proc. Juris. § 3542 (3d ed.) ("A litigant cannot force disqualification by attacking the judge and claiming that the attacks must have caused the judge to be biased against him. Likewise, a party cannot assert recusal based upon a baseless lawsuit he filed."); *see also* NY Judicial Ethics OP 14-58 (2014) (where criminal defendant filed "a baseless multi-million dollar lien" against the judge, the N.Y. Advisory Committee on Judicial Ethics opined that the judge "may continue to preside over the criminal case, provided that the judge determines, in his/her sole discretion, that he/she can be fair and impartial" because "[s]uch vexatious and abusive tactics must not be rewarded") (available at https://www.nycourts.gov/ipjudicialethicsopinions/14-58.htm).

Here, the defendant has not filed a motion for disqualification pursuant to Section 455(a). Regardless, such a motion would be meritless and this Court need not recuse itself from these proceedings. The lien at issue in this case is baseless. The impact on the Court, therefore, appears to be minimal and there would objectively be little risk of prejudice or bias. Transferring the case to another district court judge, on the other hand, would have a significant impact. The Court has been assigned to the case since the defendant's initial arrest, has presided over a trial of the defendant during which victims and other key witnesses testified, and has held sentencings for his co-defendants. *See In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (noting judges must balance the "duty to appear impartial against several practical considerations, including the availability of other judges, the cost in judicial resources of recusal and reassignment of the case to different judges, and the interest of the parties and the public in a swift resolution of the dispute" (citation omitted)).

Further, to hold otherwise would mean that defendants could strategically choose to force a judicial recusal merely by filing a lien or taking some other adverse action that creates a purported conflict. *See In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008) (noting "[a] defendant cannot be permitted to use such a plot or threat as a judge-shopping device"); *see also United States v. Holland,* 519 F.3d 909, 915 (9th Cir. 2008) ("Such blatant manipulation would subvert our processes, undermine our notions of fair play and justice, and damage the public's perception of the judiciary."); *Cooley*, 1 F.3d at 993 (noting "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice"). Any other conclusion would allow defendants to cause the recusal of judges simply by filing or having other file liens against those judges.[2]

---

[2] Indeed, Congress has made that judgment in this particular context. In 2008, Congress enacted 18 U.S.C. § 1521, which criminalizes retaliating against a federal judge or federal law enforcement officer by false claim or slander of title. 18 U.S.C.A. § 1521 (West).

Page 4

    Accordingly, at this stage, the parties respectfully request that *Curcio* counsel be appointed and that pending deadlines related to sentencing be adjourned as necessary to accommodate the resolution of a *Curcio* inquiry. The Government further respectfully submits that, at this time, the Court's recusal from this case would not be appropriate.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for
    the Southern District of New York

By: ____/s/_____
    Elinor Tarlow
    Jacob Gutwillig
    Michael Herman
    Assistant United States Attorney
    (212) 637-1036 / 2215 / 2221

cc: Aaron Mysliwiec, Esq. (via ECF)
    Carine Williams, Esq.

> At present, the Court has no intention of recusing itself, substantially for the reasons stated by the Government above. That said, the Court will obviously reevaluate if circumstances change materially or if the Defendant files a recusal motion.
>
> The Court agrees that Curcio proceedings are necessary if Mr. Mysliwiec is to continue to represent the Defendant and that sentencing (and all sentencing-related deadlines) should be adjourned sine die until such proceedings are concluded. That said, the Court is inclined to think that Ms. Williams - who does not appear to have been named in the lien - could serve as independent counsel to advise the Defendant with respect to the potential conflict with respect to Mr. Mysliwiec, obviating the need to appoint new counsel who would need to get up to speed on the complex history of this case and develop a relationship with the Defendant (a task complicated by the difficulties involved in communicating with inmates at this time). For that matter, one option - that independent counsel could and should discuss with the Defendant - is to simply allow Mr. Mysliwiec to withdraw as counsel and leave Ms. Williams to handle the sentencing alone, obviating the need for Curcio proceedings altogether.
>
> Counsel shall confer and, no later than April 24, 2020, at noon, submit a letter addressing these issues - specifically, whether Ms. Williams can serve as independent counsel for purposes of any Curcio proceedings or whether the Court should appoint new CJA counsel. Sentencing - and all sentencing-related deadlines - are adjourned sine die.
>
> The Clerk of Court is directed to terminate ECF No. 299. SO ORDERED.
>
> *[signature]*
>
> April 22, 2020