# The Law Offices of Carine M. Williams, PLLC

29 Broadway, Suite 1412, New York, NY 10006 | Telephone: 212.653.8321 | Facsimile: 212.653.8322 | www.carinemwilliams.com

Carine M. Williams
Principal
CMW@carinemwilliams.com

April 24, 2020

**Via ECF**
Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Hubert Dupigny, et al.*, **18 Cr. 528 (JMF)**

Dear Judge Furman—

We respectfully write in response to the Court's April 22, 2020 Order, which instructs the parties to address whether Carine Williams may serve as independent counsel for purposes of any *Curcio* proceedings or whether new CJA counsel should be appointed. *See* Dkt. No. 300.

Ms. Williams is not named as a debtor in the January 16, 2020 lien at issue in this case. Accordingly, the parties agree that Ms. Williams does not have any potential conflict and remains in a position to provide Mr. Dupigny with independent counsel for purposes of any *Curcio* proceedings. *See, e.g.*, *Batista v. United States*, No. 14-CV-895, 2018 WL 1556880, *2 (E.D.N.Y. March 30, 2018) (noting, with approval, that conflict-free co-counsel provided independent counsel for purposes of *Curcio* hearing).[1] For this reason, the parties agree there is no reason for the Court to appoint new counsel at this time.

In light of limitations inherent to communication by phone, Ms. Williams has requested a two hour videoconference with Mr. Dupigny, for purposes of discussing the potential conflict of interest implicated by Mr. Mysliwiec's continued representation, and whether Mr. Dupigny would prefer to have Mr. Mysliwiec withdraw as counsel, or make a waiver of his right to conflict-free counsel. Respectfully, the videoconference may be expedited if the Court orders the Bureau of Prisons to accommodate this request.

---

[1] Ms Williams notes that she is not a member of the CJA panel of trial attorneys (she is a member of the Second Circuit's appellate panel). However, she is unaware of any basis for concluding that such membership is necessary for purposes of *Curcio* representation.

THE LAW OFFICES OF CARINE M. WILLIAMS, PLLC

The Honorable Jesse M. Furman, U.S.D.J.
April 24, 2020
Page 2 of 2

The Law Offices of Carine M. Williams, PLLC

_____
Carine M. Williams
*Attorney for Hubert Dupigny*

cc: Aaron Mysliwiec, Esq. (via ECF)
*Attorney for Hubert Dupigny*

Elinor Tarlow, Esq. (via ECF)
Jacob Gutwillig, Esq. (via ECF)
Michael Herman, Esq. (via ECF)
*Assistant United States Attorneys*

The Court agrees that Ms. Williams can and should serve as independent counsel. For avoidance of doubt, the Court appoints Ms. Williams to serve as independent counsel - and orders that she be paid from CJA funds.

As sympathetic as the Court is to Ms. Williams's desire to schedule a longer teleconference with Mr. Dupigny, the Court knows first-hand - from involvement in the negotiation and drafting of the protocols governing video - and teleconferencing from the MDC and MCC - that it is unlikely to happen any time soon given the limited capacity for such conferences and the demand for such conferences to be held. In light of that, the Court will not issue any order to the BOP. Instead, the Court will give Ms. Williams as much time as she needs to communicate with Mr. Dupigny.

Ms. Williams shall submit a status report to the Court no later than May 26, 2020.

The Clerk of Court is directed to terminate ECF No. 303.

SO ORDERED.

April 24, 2020