UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
UNITED STATES OF AMERICA,        :
        :
     -v-        :        18-CR-528-1 (JMF)
        :
HUBERT DUPIGNY,        :        MEMORANDUM OPINION
        :        AND ORDER
         Defendant.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 28, 2023, Defendant, proceeding *pro se*, filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and withdrew his prior motion, purportedly filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 409 ("Motion); *see also* ECF Nos. 401, 406. The new motion is DENIED as frivolous.

      Like Defendant's prior submission, most of his new motion sounds in doctrine that is completely inapplicable to this criminal case, such as standing and subject-matter jurisdiction. *See* Motion 13-22. The fact is that Defendant was properly charged by a grand jury with violations of federal criminal law; as a result, the Court plainly had jurisdiction over the case.[1] The only other argument Defendant makes is that his counsel was ineffective for failing to file a motion to dismiss the Superseding Indictment. *See* Motion 9-13. But that argument is built on a faulty premise: that the Superseding Indictment was fatally flawed because it charged that

---

[1] Defendant appears to also argue that his crimes did not occur "within the special maritime and territorial jurisdiction of the United States." *See* Motion 32. Under the relevant statute, however, the Government could charge and prove that the crimes occurred *either* "in or affecting interstate or foreign commerce, *or* within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 1591(a)(1) (emphasis added). In this case, the Government proceeded under the "in or affecting interstate or foreign commerce" prong of the statute. *See* ECF No. 50 ("S1 Indictment"), ¶¶ 3, 5, 9.

Defendant acted "knowingly and in reckless disregard," S1 Indictment ¶¶ 3, 5, 9, and those mental states are "mutually exclusive," Motion 11. "Where there are several ways to violate a criminal statute" — as is the case here, see 18 U.S.C. § 1591(a)(2) ("knowing, or . . . in reckless disregard . . ." (emphasis added)) — "federal pleading *requires* that an indictment charge be in the conjunctive to inform the accused fully of the charges." *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008) (cleaned up) (emphasis added).[2] Counsel was plainly not ineffective for failing to file a motion to dismiss the Superseding Indictment on a spurious ground.

For the foregoing reasons, Defendant's motion is DENIED as frivolous. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 409 and to mail a copy of this Memorandum Opinion and Order to Defendant at:

> Reg. No. 56457-054
> FCI Gilmer
> P.O. Box 6000
> Glenville, WV 26351

Dated: May 1, 2023
    New York, New York

                                JESSE M. FURMAN
                                United States District Judge

---

[2] Defendant does not — and could not — argue that the jury was improperly instructed. The jury was instructed that the Government had to prove *either* knowledge *or* reckless disregard. See Trial Tr. 792, 796, 802; *see also Mejia*, 545 F.3d at 207 ("A conviction under . . . [an indictment phrased in the conjunctive] will be sustained if the evidence indicates that the statute was violated in any of the ways charged.").