```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                -v-                                                    :      18-CR-528-1 (JMF)
                                                                       :
HUBERT DUPIGNY,                                                        :      MEMORANDUM OPINION
                                                                       :            AND ORDER
                                Defendant.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On May 1, 2023, the Court denied a motion filed by Defendant Hubert Dupigny, proceeding *pro se*, to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 410. Defendant is now back, moving, once again *pro se*, "for relief from judgment and order" pursuant to Fed. R. Civ. P. 60(b)(4), 28 U.S.C. § 1331, and 5 U.S.C. § 701. *See* ECF No. 17. The motion, however, does not attack the Court's May 1, 2023 ruling; instead, it attacks the integrity of Defendant's underlying conviction. *See, e.g.*, *id.* at 14 ("For the reasons stated herein, this Court should vacate the sentence and judgment in the interest of justice.").

In *Harris* v. *United States*, 367 F.3d 74 (2d Cir. 2004), the Second Circuit held that a district court may either treat such a motion "as 'a second or successive' habeas petition" and transfer it to the Court of Appeals for possible certification or "deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Id.* at 82. The Court of Appeals "cautioned" that district courts should "be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it . . . until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack)

the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Id.* (internal quotation marks omitted).  Accordingly, Defendant's motion is DENIED with prejudice as beyond the scope of Rule 60(b).  *See id.*

As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 417 and to mail a copy of this Memorandum Opinion and Order to Defendant at:

> Reg. No. 56457-054
> FCI Gilmer
> P.O. Box 6000
> Glenville, WV 26351

Dated: September 16, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2